CLARK, Justice.
 
 *
 

 hWe granted a writ in this forfeiture proceeding to determine whether the courts below erred in their interpretation of La. R.S. 40:2610, a section of the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989. This legislation established the requirements for an owner of, or interest holder in, seized property to file a claim with the appropriate seizing agency and district attorney to protect his alleged interest. For the following reasons, we reverse the district court’s ruling and remand the matter to the district court for proceedings consistent with the opinion below.
 

 
 *826
 
 FACTS AND PROCEDURAL HISTORY
 

 On April 16, 2008, the Lafourche Parish Drug Task Force (“Task Force”) seized the 2003 Infiniti G35 VIN # JNKCV51E93MO (“Infiniti”) at issue here from Kristofor Rebstock (“Reb-stock”).
 
 [1]
 
 Judge John E. LeBlanc of the Louisiana District Court for the Seventeenth Judicial District signed a warrant of seizure, finding probable cause that the Infiniti was subject to forfeiture based on the averred facts in a Task Force agent’s supporting affidavit.
 

 According to the affiant, agents of the Task Force conducted surveillance of Reb-stock’s residence for several months prior to the seizure date, due to suspicions |2of Rebstock’s upper-level involvement in a methamphetamine distribution ring operating within the parish. The agents conducted undercover purchases of methamphetamine from Rebstock, during which agents observed Rebstock leaving his residence in the Infiniti, driving to a shed located on a different street from his residence, remaining at the shed for a brief period of time, and then returning to his residence in the Infiniti shortly before the undercover transactions occurred. Based on the information provided by a cooperating defendant and a confidential informant, the Task Force agents believed that Reb-stock used the shed as a storage unit for methamphetamine. When the agents executed a search warrant of Rebstock’s residence, Rebstock himself confirmed this information by admitting to an agent that he used the Infiniti to transport methamphetamine from the shed to his residence. Furthermore, the agents received information from a documented confidential informant with the Louisiana State Police Department both that Rebstock had used the cash proceeds from the illegal sale of methamphetamine to purchase the Infiniti and that the Infiniti contained secret compartments that Rebstock used to hide the methamphetamines, the latter of which was confirmed by the agents during an inspection of the vehicle.
 

 On the same day as the seizure, May 16, 2008, and in order to commence the forfeiture proceeding, the State served Reb-stock with a Notice of Pending Forfeiture. The Notice of Pending Forfeiture advised Rebstock of the conduct giving rise to the forfeiture of the Infiniti, which included,
 
 inter alia:
 
 (1) an explanation of not only how the Task Force observed Rebstock using the Infiniti to transport methamphetamine for eventual distribution, but also how the Infiniti was confirmed to have been equipped with aftermarket, hidden compartments to conceal this activity; (2) an account of Rebstock’s confession confirming his use of the Infiniti in transporting methamphetamines for distribution; and (3) a description of why the State believed that the Infiniti was purchased with cash proceeds from the sale of 13methamphetamines. The State additionally informed Rebstock of the procedure to preserve any right that he may have in the Infiniti, and of the resulting consequences if such steps were not taken.
 

 In response, Rebstock mailed what he captioned a “Notice of Claim” to both the Task Force and the district attorney. Within this document, Rebstock averred that he was the owner of the Infiniti and objected to any forfeiture proceeding for the following reasons:
 

 1) my property has been unconstitutionally seized and specifically avers that La.
 
 *827
 
 R.S. 40:2601-2622 is unconstitutional under the 4th, 5th, and 14th Amendments to the United States Constitution and the laws and Constitution of the State of Louisiana; and alternatively, that the State of Louisiana has failed to comply with the provisions of La. R.S. 40:2601-2622; 2) that the seizure of the vehicle in question was without legal consent and in violation of the United States Constitution and the Constitution of the State of Louisiana; and 3) that the assets in question were not “used or intended to be used in any manner to facilitate conduct giving rise to forfeiture” pursuant to La. R.S. 40:2604; 4) claimant contends said assets are exempt from forfeiture under the provisions of La. R.S. 40:2605; and alternatively, 5) the provisions of La. R.S. 40:2605 are ambiguous and irreconcilable thereby rendering the entire forfeiture provisions of La. R.S. 40:2601-2622 unconstitutional.
 
 [2]
 

 Rebstock further averred that “the automobile in question was acquired by claimant on or about 2007 act of exchange [sic] with a third party whereby claimant traded his Cheveronet [sic] Camaro for this vehicle with no additional cash being exchanged” and that “the vehicle was not used in any manner to facilitate conduct giving rise to forfeiture, contrary to the allegations made by law enforcement.”
 
 [3]
 

 On June 20, 2008, the State filed a motion to strike Rebstock’s Notice of Claim. The State also filed a rule to show cause why the State’s motion to strike claim should not be granted and why a judgment of forfeiture in favor of the State should not be granted. In support, the State submitted the warrant of seizure, the affidavit from the Task Force agent in support of the seizure warrant application, the Notice of Pending Forfeiture, and Reb-stoek’s Notice of Claim.
 

 |4A hearing was held on the State’s rule to show cause before Judge Walter Lanier, III, a different judge than the one who signed the warrant of seizure. At the hearing, the State argued that Rebstock’s Notice of Claim was invalid for failing to aver the specific factual basis supporting each assertion required by La. R.S. 40:2610. Rebstock contended that his Notice of Claim was valid because it contained general factual assertions and a general denial of the State’s allegations of conduct giving rise to forfeiture, sufficient to put the State on notice that Rebstock intended to contest the forfeiture of the Infiniti. Judge Lanier agreed with Reb-stock, holding that the inclusion of a general denial and general factual assertions were sufficient to qualify as a valid claim. Judge Lanier, therefore, denied the State’s motion to strike the claim and the rule to show cause.
 

 The State then applied for a supervisory writ to the Louisiana Court of Appeal for the First Circuit. A five-judge panel considered the writ application, and a three-judge majority denied it, stating that the matter was not appropriate for the exercise of supervisory jurisdiction.- The two dissenting judges, however, would have granted the writ application and reversed the district court’s ruling on the ground that Rebstock’s Notice of Claim failed to provide the specific factual and legal aver-ments required by statute.
 

 Following the denial, the State petitioned this Court for a supervisory writ, which was subsequently granted.
 
 [4]
 
 In this
 
 *828
 
 Court, Rebstock neither appeared for oral argument nor submitted a written brief on the issue presented.
 

 LAW AND ANALYSIS
 

 The precise issue that this Court must resolve is whether the district court erred in holding that the claimant satisfied the requirements delineated in La. R.S. 40:2610 for the filing of a claim by merely making general assertions that track the statutory language, without providing specific factual and legal contentions in support. In | ¡¡resolving this issue, we first note the general rules for statutory construction. La. R.S. 1:3 provides, in pertinent part, that “[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.” In addition, the statute directs that “the word ‘shall’ is mandatory and the word ‘may
 
 [5]
 
 is permissive.” La. R.S. 1:4 directs that, “[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursing its spirit.”
 

 We are likewise cognizant of the principles for statutory interpretation found in the jurisprudence, particularly that “[t]he fundamental question in all cases of statutory interpretation is legislative intent.”
 
 Moss v. State,
 
 2006-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. This legislative intent is to be determined “by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law.”
 
 Id.
 
 In addition, “[a] statute must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature.”
 
 Id.
 

 Through the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (“Act”), La. R.S. 40:2601-2622, the Louisiana Legislature established a civil system of expressly delineated procedures, which allow the State to seize and have forfeited property that is related to, is a proceed from, facilitates, or is itself a violation of the Uniform Controlled Dangerous Substances Law, La. R.S. 40:961-995. As is apparent from its structure, language, and general tenor, the Act provides not only a process by which the State is able to have forfeited such property in a speedy, fair, and efficient manner, without the accumulation of litigation, storage, and maintenance costs, but also provides a means through which an innocent owner or interest holder can regain his property in a speedy and relatively inexpensive process. However, in order for the Act to function as intended, courts must ensure that both the 1¡¡State and the owner or interest holder strictly follow each of the Act’s detailed requirements for the various stages in the process.
 

 Initially, the Act establishes the proper jurisdiction and venue for all proceedings brought under the Act.
 
 [5]
 
 The Act then de
 
 *829
 
 tails the specific conduct giving rise to forfeiture and the categories of property that are subject to seizure and forfeiture.
 
 [6]
 
 In addition, the Act provides guidance to an innocent owner or interest holder about how he can establish that he is, indeed, an innocent owner or interest |7holder, and that the seized property is exempt from forfeiture under Act.
 
 [7]
 

 
 *830
 
 |sThe Act then describes the procedures that the parties must follow in a forfeiture proceeding. The initial stage is the State’s seizure of the property. The Act provides that any law enforcement agency designated by the pertinent district attorney may seize property that the agency believes, on probable cause, to be subject to forfeiture under the Act.
 
 [8]
 
 Within seventy-two hours of the seizure, the agency “shall 13apply to the court for a warrant of seizure to hold the property pending forfeiture.”
 
 See
 
 La. R.S. 40:2606(A) and (C). The agency’s application must be in the form of a sworn affidavit that demonstrates the probable cause supporting the seizure of the property. The presiding court will then deter
 
 *831
 
 mine the application’s sufficiency in accordance with the law of search warrants,
 

 If the presiding court grants the warrant of seizure, the State may continue to the next stage of the process and initiate a forfeiture proceeding. To begin the forfeiture process, the State must serve the owner of, or the interest holder in. the seized property with a “written assertion,” termed a “Notice of Pending Forfeiture,” within forty-five days of the seizure.
 
 [9]
 
 The State can effectuate service on the owner or interest holder in several ways.
 
 [10]
 
 The Notice of Pending Forfeiture must contain —ÜS a description of the property, the date an(^ Place °f seizure, the conduct giving rise forfeiture or the violation alleged, an<^ a summary of procedures and procedural rights applicable for the forfeiture action.”
 
 [11]
 

 The Act also provides the State with another option in this process. This sec
 
 *832
 
 ond option aids in tunneling all the relevant information to and from the State and claimant and helps each party assess whether forfeiture proceedings should be pursued further. If the State chooses to do so, as it did here, the State may make available a stipulation of exemption in its Notice of Pending Forfeiture.
 
 [12]
 
 Doing so provides the owner or |ninterest holder with a choice. Within thirty days of the State’s service of the Notice of Pending Forfeiture, he may either opt to file a claim in the manner detailed below or make a request for a stipulation of exemption. If he decides to pursue the latter and makes the request in a timely manner and in the proper form, the State is required, within 120 days after the effective date of the Notice of Pending Forfeiture, to provide the seizing agency and the requesting party with a written proposed stipulation of exemption and statement of nonexempt interests relating to any or all interest in the property.
 
 See
 
 La. R.S. 40:2609(B)(1). This extends the period of time during which the State must file a Petition for Forfeiture Proceeding from 90 days to
 
 “a
 
 total of one hundred eighty days after the service of Notice of Pending Forfeiture.”
 
 See
 
 La. R.S. 11¾40:2608(2).
 
 [13]
 
 This
 
 *833
 
 extension of time provides the State with an opportunity to assess the validity of the owner’s or interest holder’s grounds for exemption, and to determine whether the property should be released or whether the state should proceed with a judicial proceeding, which could prove costly.
 
 [14]
 
 In addition, the State’s required response to the owner or interest holder likewise assists him in deciding whether to pursue the matter further, a potentially costly decision given the mandate that the eventual presiding court “shall order a claimant who fails to establish that a substantial portion of the claimant’s interest is exempt from forfeiture ... to pay the reasonable costs and expenses of the state for the investigation and prosecution of the matter, including reasonable attorney’s fees, in connection with that claimant.” La. R.S. 40:2615(E).
 

 Regardless of whether the State includes the stipulation of exemption in its Notice of Pending Forfeiture, the owner or interest holder in the property must take affirmative steps in order to preserve his interest in the property. When the State does include the stipulation, the Act provides specific steps that must be followed. The owner or interest holder must file either a claim or a request for stipulation that “shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested.” La. R.S. 40:2610(A).
 
 [15]
 
 This must be completed “within thirty | isdays after Notice of Pending Forfeiture,” and “[n]o extension of time for the filing ... shall be granted.”
 
 Id.
 

 The Act also establishes the required form and content for the claim or request. The claim or request “shall be in affidavit form, signed by the claimant under oath and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing.”
 
 [16]
 
 This requirement and potential penalty aids in the filtering of legitimate and truthful assertions of fact, which, again, promotes a speedy, cost-efficient procedure
 
 *834
 
 that is beneficial to both the State and the innocent owner or interest holder. Finally, the Act requires that the claim or request “shall” include all of the following:
 

 (1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
 

 (2) The address where the claimant will accept mail.
 

 (3) The nature and extent of the claimant’s interest in the property.
 

 (4) The date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property-
 

 (5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
 

 (6) All essential facts supporting each assertion.
 

 (7) The specific relief sought.
 

 See
 
 La. R.S. 40:2610(B)(l-7). These aver-ments likewise play an integral part in this 114second option. When properly provided, the required information affords the State an adequate basis to assess whether to release the property promptly without pursuing the forfeiture proceeding further.
 

 The mandatory, plain-language requirements for the filing of a timely, valid claim or request for stipulation are clear and, if not met, carry significant consequences. La. R.S. 40:2610 clearly establishes a thirty-day filing deadline that cannot be extended under any circumstances; prescribes the necessary form of the claim; and sets forth the required content of the averments with unambiguous specificity. The failure to fulfill any of these requirements — whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary aver-ments — precludes the owner or interest holder from further participation in the forfeiture proceeding. As the Act makes plain, when “no request for stipulation or claim is filed timely, the district attorney shall proceed as provided in Sections 2615 and 2616.” See La. R.S. 40:2609. La. R.S. 40:2615(A) provides in pertinent part: “If no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to Section 2616 of this Chapter. Upon a determination by the court that the district attorney’s written application established the court’s jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state.”
 
 [17]
 

 In this case, the State complied with the requirements for commencing a forfeiture proceeding under the Act. The Task Force properly followed the requirements for seizing the Infiniti. On May 16, 2008, the Task Force seized the | ^vehicle, believing, on probable cause, that the vehicle was subject to forfeiture. On the same day, the Task Force applied for a seizure warrant; and its application was a sworn affidavit in the proper form. Moreover, on the same day as the seizure, the district attorney ensured that Rebstock was personally served with the Notice of Pending Service, which contained all the information required by statute. Finally, but crit
 
 *835
 
 ically, the State chose to make available a stipulation of exemption.
 

 Upon receipt of the service of the Notice of Pending Forfeiture, Rebstock attempted to comply with the requirements of La. R.S. 40:2609 and La. R.S. 40:2610, but failed to do so. Pursuant to Section 2609, Rebstock had the option of either requesting a stipulation for exemption or filing a claim, and he chose the latter. Rebstock properly mailed the claim, by certified mail with return receipt requested, to both the Task Force and the district attorney. He did so on May 23, 2008, well within thirty days of service of the Notice of Pending Forfeiture. Moreover, the claim was in the required form,
 
 ie.
 
 an affidavit, signed by Rebstock under oath and sworn to before his attorney. However, Rebstock’s claim did not contain the delineated aver-ments, with the requisite specificity, to qualify as a valid claim under Section 2610.
 

 Rebstock’s claim did not comply with La. R.S. 40:2610(B) in several respects. La. R.S. 40:2610(B)(6) puts the claimant on notice that he is required to support each of the delineated averments with a heightened level of factual specificity. The subsection states that, for every assertion made in the claim, “[a]ll essential facts supporting each” must be included. La. R.S. 40:2610(B)(4) and (B)(5) provide the precise content that Rebstock should have averred. Subsection (B)(4) required Reb-stock to provide “the date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property.” Rebstock failed to comply with this subsection by generally averring that the Infiniti “was acquired by claimant on or about 2007 act of exchange [sic] with a third party whereby claimant traded his | KjChevronet [sic] Camaro for this vehicle with no additional cash being exchanged.” Rebstock failed to provide the required identity of the transferor. Generally stating that the transferor is a “third party” is not sufficient and falls well short of what is required by statute. Moreover, pursuant to subsection (B)(5), Rebstock was required to state “[t]he specific provision” of the Act “relied on in asserting that the property is not subject to forfeiture.” Rebstock averred that the Infiniti was “ ‘not used or intended to be used in any manner to facilitate conduct giving rise to forfeiture’ pursuant to La. R.S. 40:2604 ..., contrary to the allegations made by law enforcement” and that the Infiniti is “exempt from forfeiture under provisions of La. R.S. 40:2605.”
 

 However, Rebstock did not explain any further. He neither clarified which exemption applied to his interest in the Infin-iti nor provided factual assertions that would support the basis for falling within one of the Act’s exemptions. Rebstock merely asserted a general denial of the allegations in the Notice of Pending Forfeiture and relied on a conclusory, unsupported assertion that his interest in the Infiniti is exempt. Rebstock’s failure to provide the essential and specific factual and legal assertions to support all of the necessary averments rendered his claim invalid under Section 2610.
 

 In addition, Rebstock’s constitutional challenge of the Act is likewise deficient and has no effect on the validity of the claim. Rebstock asserted the following general constitutional challenge: “my property has been unconstitutionally seized ... [because] La. R.S. 40:2601-2622 is unconstitutional under the 4th, 5th, and 14th Amendments to the United States Constitution and the laws and Constitution of the State of Louisiana,” and “the provisions of La. R.S. 40:2605 are ambiguous and irreconcilable thereby rendering the entire forfeiture provisions of La. R.S. 40:2601-2622 unconstitutional.” Rebstock rested with these vague and general con
 
 *836
 
 stitutional challenges. He did not provide any factual or legal support for his arguments that the |17seizure of his property was unconstitutional, that the Act as a whole is unconstitutional, or which specific exemptions listed in Section 2605 are ambiguous and irreconcilable.
 

 Although this matter deals with a claim between potential parties, and is not a pleading,
 
 per se,
 
 this Court has long recognized that a constitutional challenge of a statute must be specifically pled and the grounds for the challenge particularized.
 
 See Unwired Telecom v. Parish of Calcasieu,
 
 2003-0732, p. 6 (La.1/19/05), 903 So.2d 392, 399. The necessity for particularizing such claims was explained well in
 
 City of Shreveport v. Pedro,
 
 170 La. 351, 353, 127 So. 865 (1930):
 

 It is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional.... [And, as regards a vague challenge, t]he court cannot be expected to make an examination to ascertain the various laws under which plaintiff may have acted and to ascertain wherein they violate the due process clause of the Constitution of the United States, or are otherwise unconstitutional, and, if they are, in what respect they are so, nor can the opposite party to the litigation, under these circumstances, be expected to meet the attack, for he is not sufficiently informed by the plea to undertake the task, and, moreover, the burden is not upon him to show that they are constitutional.
 

 In the present context, where the Act establishes a speedy procedure which allows the State to make a relatively quick assessment whether to pursue the forfeiture proceeding further or to release the property to an innocent claimant, specificity of the constitutional claim similar to the rules of pleading are also required. Reb-stock’s constitutional challenge is the exact type of nebulous claim that this rule was intended to prevent. Simply asserting a vague, general constitutional attack in a claim, as Rebstock did here, does not provide the State with sufficient information to assess the merits of continuing with the forfeiture proceedings.
 
 [18]
 

 hsWith these considerations in mind, we hold that Rebstock did not file a valid claim within the thirty-day deadline pursuant to La. R.S. 40:2609-2610. Having made this finding, we note that the Act also directs what is the next step in the process. La. R.S. 40:2609(0 states that, “[i]f no request for stipulation or claim is timely filed, the district attorney shall proceed as provided in Sections 2615 and 2616 of this Chapter.” La. R.S. 40:2615(A), in pertinent part, directs that, “[i]f no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture.”
 

 By filing its motion to strike Rebstock’s “claim” and the rule to show cause why a forfeiture judgment should not be issued, the State acted in accord with Sections 2609(C) and 2615(A). The State sought a
 
 *837
 
 forfeiture judgment and submitted the seizing agent’s affidavit in support of the seizure warrant, the seizure warrant itself, the Notice of Pending Forfeiture, and Rebstock’s insufficient claim. The district court should have considered these submissions to determine whether to forfeit the Infiniti.
 

 La. R.S. 40:2616(A) clearly delineates the proper method for reaching such a determination, and provides, in pertinent part, “[u]pon a determination by the court that the district attorney’s written application establishes the court’s jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state.” Accordingly, if, based on the submissions by the state, the district court was satisfied that the court had proper jurisdiction, that the State’s Notice of Pending Forfeiture gave the proper notice, and that the facts asserted were sufficient to support a forfeiture under a probable cause standard, the Act mandates that the district court enter a forfeiture judgment.
 

 However, because the district court found that Rebstock’s claim was valid and timely filed, the district court did not undergo the inquiry required by La. R.S. 11940:2615(A). Therefore, we will remand this matter to the district court in order to allow that court to determine, based solely on the submissions filed by the State, whether the court has jurisdiction, whether the State’s Notice of Pending Forfeiture gave sufficient notice under the Act, and whether the facts averred to and provided by the State were sufficient to show probable cause for forfeiture.
 

 DECREE
 

 For the reasons stated above, we reverse the district court’s ruling and remand to the district court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 *
 

 Retired Judge Moon Landrieu, sitting
 
 ad hoc
 
 for Weimer, J., recused. Chief Justice Kim-ball not participating in the opinion.
 

 [1]
 

 . The Task Force also seized $1402.00 from Rebstock, but he did not contest the forfeiture of this currency.
 

 [2]
 

 . R., p. 21.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 .State v.2003 Infiniti G35 VIN
 
 #
 
 JNKCVS1E93MO24167,
 
 2009-1193 (La.9/25/09); 18 So.3d 98.
 

 [5]
 

 . La. R.S. 40:2602 provides:
 

 § 2602. Jurisdiction and venue
 

 A. Except as provided in Subsection C, the appropriate district court has jurisdiction under the provisions of this Chapter if the property for which forfeiture is sought is within this state at the time the action is filed or the courts of this state have personal jurisdiction of an owner of or interest holder in the property.
 

 is. Except as provided in Subsection C, in addition to any venue otherwise provided under the provisions of this Chapter or any other provision of law, a proceeding for forfeiture under the provisions of this Chapter may be brought in the judicial district in which any part of the property is found or in the judicial district in which an owner or interest holder could be petitioned against
 
 *829
 
 civilly or criminally for the conduct alleged to give rise to the forfeiture.
 

 C. Notwithstanding any other provision of this Chapter to the contrary, the criminal district court for the parish of Orleans shall have exclusive jurisdiction of all actions filed in the parish of Orleans seeking seizure or forfeiture of property or alleging conduct giving rise to forfeiture pursuant to the provisions of this Chapter.
 

 [6]
 

 . La. R.S. 40:2603 provides:
 

 §• 2603. Conduct giving rise to forfeiture
 

 Any of the following conduct gives rise to forfeiture:
 

 (1) An act or omission punishable by confinement for more than one year under R.S. 40:961 et seq. whether or not there is a prosecution or conviction related to the act or omission.
 

 (2) An act or omission occurring outside this state, which would be subject to prosecution in the place of occurrence and would be described in Paragraph (1) of this Section if the act or omission occurred in this state, whether or not it is prosecuted in any state.
 

 3) Any act or omission committed in furtherance of any violation of R.S. 40:961 et seq. which is punishable by confinement with or without hard labor, including any inchoate or preparatory offense, regardless of whether there is a prosecution or conviction related to the act or omission.
 

 La. R.S. 40:2604 provides:
 

 § 2604. Property subject to forfeiture
 

 The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:
 

 (1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.
 

 (2) All property that is either:
 

 (a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 et seq.
 

 (b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
 

 (3) Proceeds of any conduct giving rise to forfeiture.
 

 (4) All weapons possessed, used, or available for use in any manner to facilitate conduct giving rise to forfeiture.
 

 (5) Any interest or security in, claim against, or property or contractual right of any kind affording a source of control over any enterprise that a person has established, operated, controlled, conducted, or participated in the conduct of through conduct giving rise to forfeiture.
 

 [7]
 

 . La. R.S. 40:2605 provides:
 

 § 2605. Exemptions
 

 A property interest is exempt from forfeiture under this Chapter if its owner or holder establishes all of the following:
 

 (1) That he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.
 

 (2) That he had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in bona fide commercial transaction.
 

 (3) That with respect to conveyances for transportation only, he did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture.
 

 (4) That he does not hold the property for the benefit of or as an agent for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired his interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value not knowingly taking part in an illegal transaction.
 

 (5) That no person whose conduct gave rise to its forfeiture had the authority to convey the interest to a bona fide purchaser for value at the time of the conduct.
 

 
 *830
 
 (6) That the owner or interest holder acquired the interest after the completion of the conduct giving rise to its forfeiture and that the owner or interest holder acquired the interest under all of the following conditions:
 

 (a) As a bona fide purchaser for value who was not knowingly taking part in an illegal transaction.
 

 (b) Before the filing of a forfeiture lien on it and before the effective date of a Notice of Pending Forfeiture relating to it, and without notice of its seizure for forfeiture under this Chapter.
 

 (c) At the time the interest was acquired, there was no reasonable cause to believe that the property was subject to forfeiture or likely to become subject to forfeiture under this Chapter.
 

 [8]
 

 . La. R.S. 40:2606 provides:
 

 § 2606. Seizure of property
 

 A.Property that is not evidence of a criminal violation may be seized for forfeiture by any law enforcement agency designated by the district attorney, with or without process issued by any district court, on probable cause to believe that the property is subject to forfeiture under this Chapter. Within seventy-two hours, exclusive of holidays or weekends, after actual or constructive seizure, the seizing agency shall apply to the court for a warrant of seizure to hold the property pending forfeiture, unless such warrant has been previously obtained. Such application shall be on an affidavit under oath demonstrating that probable cause exists for seizure of the property, regardless of whether the proceedings to forfeit property are brought pursuant to federal or state action and regardless of whether the property has been the subject of a previous final judgment of forfeiture in the courts of any state or of the United States. The sufficiency of the warrant of seizure and affidavit under oath shall be determined in accordance with the law on search warrants. The court may order that the property be held pending forfeiture, on such terms and conditions as are reasonable in the discretion of the court. Upon a finding of no probable cause, the property shall be released to the established owner.
 

 B. A seizure for forfeiture without process is reasonable if made under circumstances in which a warrantless seizure or arrest would be reasonable in accordance with law.
 

 C. Property that is alleged to be evidence of a criminal violation may be seized for forfeiture by any law enforcement agency designated by the district attorney, with or without process issued by any district court, on probable cause to believe that the property is subject to forfeiture under this Chapter. Within seventy-two hours, exclusive of holidays or weekends, after service of notice of pending forfeiture, the seizing agency shall apply to the court for a warrant of seizure to hold the property pending forfeiture, unless such warrant has been previously obtained. Such application shall be on an affidavit under oath demonstrating that probable cause exists for seizure of the property, regardless of whether the proceedings to forfeit property are brought pursuant to federal or state action and regardless of whether the property has been the subject of a previous final judgment of forfeiture in the courts of any state or of the United States. The sufficiency of seizure and affidavit under oath shall be determined in accordance with the law on search warrants. The court may order that the property be held pending forfeiture, on such terms and conditions as are reasonable in the discretion of the court.
 

 D. Any'seizing agency designated by the district attorney to make seizures for forfeiture shall notify the district attorney within ten days after such seizure.
 

 [9]
 

 . La. R.S. 40:2608(l)(a) provides:
 

 § 2608. Commencement of forfeiture proceedings; property release requirements
 

 Forfeiture proceedings shall be commenced as follows:
 

 (l)(a) When the district attorney intends to forfeit property, pursuant to the provisions of this Chapter, he shall provide the owner and interest holder with a written assertion within forty-five days after actual or constructive seizure, except in cases in which the property is held for evidentiaiy purpose, the district attorney shall institute forfeiture proceedings within forty-five days after the final disposition of all criminal proceedings associated with the conduct giving rise to forfeiture. If the district attorney fails to initiate forfeiture proceedings against property seized for forfeiture by serving Notice of Pending Forfeiture within one hundred twenty days after its seizure for forfeiture or if the state fails to pursue forfeiture of die property upon which a timely claim has been properly served by filing a Petition for Forfeiture proceeding within ninety days after Notice of Pending Forfeiture, or if the district attorney fails to provide a written assertion, pursuant to the provisions of this Paragraph, the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to the provisions of this Chapter.
 

 [10]
 

 . La. R.S. 40:2608(3) provides:
 

 (3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
 

 (a)If the owner's or interest holder’s name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
 

 (b) If the owner's or interest holder's name and address are required by law to be recorded with the parish clerk of court, the motor vehicle division of the Department of Public Safety and Corrections, or another state or federal agency to perfect an interest in the property, and the owner’s or interest holder's current address is not known, by mailing a copy of the notice by certified mail, return receipt requested, to any address of record with any of the described agencies.
 

 (c) If the owner’s or interest holder's address is not known and is not on record as provided in Subparagraph (b) of this Paragraph, or the owner or interest holder’s interest is not known by publication in one issue of the official journal in the parish in which the seizure occurs.
 

 La. R.S. 40:2608(5) also provides a procedure for the filing of a lien for the forfeiture of property upon the initiation of any civil or criminal proceeding under this Chapter or upon seizure for forfeiture. In such a circumstance, "the filing constitutes notice to any person claiming an interest in the seized property or in property owned by the named person.”
 
 Id.
 

 [11]
 

 .La. R.S. 40:2608(4) provides:
 

 (4) Notice is effective upon personal service, publication, or the mailing of a written notice, whichever is earlier, and shall include a description of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation of law alleged, and a summary of procedures and procedural rights applicable to the forfeiture action.
 

 [12]
 

 . La. R.S. 40:2609 provides:
 

 § 2609. Stipulation of exemptions
 

 A. The district attorney may make a stipulation of exemption available in the following manner:
 

 (1) If the district attorney makes a stipulation of exemption available, the district attorney shall so indicate in the Notice of Pending Forfeiture as provided in Section 2608 of this Chapter.
 

 (2) An owner of or an interest holder in the property may elect to file a claim within thirty days after the Notice of Pending Forfeiture or a request for a stipulation of exemption with the district attorney within thirty days after the notice, but no request may be filed after a court action has been commenced by the state. The claim or request shall comply with the requirements for claims in Section 2610 of this Chapter.
 

 B. The following shall apply if an owner or interest holder timely requests a stipulation of exemption:
 

 (1) The district attorney shall provide the seizing agency and the requesting party with a written proposed stipulation of exemption and statement of nonexempt interests relating to any or all interest in the property in response to each requesting party within one hundred and twenty days after the effective date of the Notice of Pending Forfeiture.
 

 (2) An owner of or interest holder in any property declared nonexempt may file a claim as described in Section 2610 of this Chapter within thirty days after notice pursuant to Paragraph (3) of Section 2608 of this Chapter of the statement of nonexempt interests.
 

 (3) The district attorney may elect to proceed as provided herein for judicial forfeiture at any time.
 

 (4) If no requesting party files a claim within thirty days after notice pursuant to Paragraph (3) of Section 2608 of this Chapter, of the statement of nonexempt interest, the stipulation of exemption and statement becomes final, and the district attorney shall proceed as provided in Sections 2615 and 2616 of this Chapter.
 

 (5) If a judicial forfeiture proceeding follows a Notice of Pending Forfeiture which provides for the availability of stipulation of exemption:
 

 (a) No duplicate or repetitive notice or claim is required. If a claim has been timely filed pursuant to Paragraph (2) of this Subsection, the claim shall be determined in a judicial forfeiture proceeding after the commencement of such a proceeding under the provisions of Sections 2612 and 2613 of this Chapter.
 

 (b) The proposed stipulation of exemption and statement of nonexempt interest responsive to all requesting parties who subsequently filed claims are void and will be regarded as rejected offers to compromise.
 

 C.If no request for stipulation or claim is timely filed, the district attorney shall proceed as provided in Sections 2615 and 2616 of this Chapter.
 

 [13]
 

 . La. R.S. 40:2608(2) provides:
 

 (2) If, after Notice of Pending Forfeiture, a claimant files a request for stipulation of
 
 *833
 
 exemption pursuant to R.S. 40:2610, the district attorney may delay filing the judicial forfeiture proceeding for a total of one hundred eighty days after the service of Notice of Pending Forfeiture.
 

 [14]
 

 . La. R.S. 40:2611(L) provides, in pertinent part, "[i]f a claimant whose property has been seized for forfeiture is successful in obtaining the return of the property in a civil proceeding, the court may award the claimant reasonable attorney fees, to be paid by the seizing agency, and the claimant shall also be exempt from any storage fees, or other costs incurred in the seizure, preservation, storage, or return of such seized property."
 

 [15]
 

 . La. R.S. 40:2610(A) provides:
 

 § 2610. Claims
 

 A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
 

 Further, La. R.S. 40:2609(A)(2) provides that both the claim or the request for stipulation of exemption must comply with La.Rev.Stat. § 40:2610:
 

 (2) An owner of or an interest holder in the property may elect to file a claim within thirty days after the Notice of Pending Forfeiture or a request for a stipulation of exemption with the district attorney within thirty days after the notice, but no request may be filed after a court action has been commenced by the state. The claim or request shall comply with the requirements for claims in Section 2610 of this Chapter.
 

 [16]
 

 .La. R.S. 40:2610(B) provides, in pertinent part: ‘‘B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing ...".
 

 [17]
 

 . When the forfeited property in an
 
 in rem
 
 forfeiture proceeding is a motor vehicle, La. R.S. 40:2616(A)(2) provides for the use of the vehicle for a period of time:
 

 If the property seized is a motor vehicle, the seizing agency may retain use of the motor vehicle for use in the course and scope of undercover surveillance and investigation of violations of the Louisiana Controlled Dangerous Substances Law for a period not to exceed six months. After six months, the motor vehicle shall be sold at public sale ... and the proceeds allocated as otherwise provided by this Chapter.
 

 [18]
 

 . We note parenthetically that this Court has previously considered, and upheld, the constitutionality of this Act against a claim of double jeopardy under the 5th Amendment. In
 
 State v. Johnson,
 
 1994-1077, p. 13 (La.1/16/96), 667 So.2d 510, 518), we held that “the civil forfeiture of contraband
 
 per se
 
 or derivative contraband is not punishment' for the purposes of double jeopardy analysis” and that "[t]he government's taking of property in which the ‘owner’ has never actually had a legal interest does not deprive the individual of property or any other rights without just compensation and thus is not deemed 'punishment' within the ambit of double jeopardy provisions.”