ON REHEARING
Before BROWN, STEWART, CARAWAY, DREW and MOORE, JJ.
PER CURIAM.
h Counsel for the State relies heavily on the recent Louisiana Supreme Court case of State of Louisiana v. 20003 Infiniti G35 VIN # JNKCV51E93MO24167 and Kristofor *970 Rebstock, 2009-1193 (La.1/20/10), 27 So.3d 824, but seems to overlook the conspicuous procedure set forth in that case. Louisiana’s Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 establishes particular guidelines that must be followed in order to effect a proper seizure and forfeiture of property. Courts cannot pick and choose to whom to apply these guidelines. “In order for the Act to function as intended, courts must ensure that both the State and the owner or interest holder strictly follow each of the Act’s detailed requirements for the various stages in the process.” Id. at 828. The State not only failed to serve a notice of final judgment upon the defendant on three occasions, but it initially failed to include the suit caption on the Notice of Pending Forfeiture Pleadings which it presented to the trial judge. Janie H. Ellis and Hazel V. Ellis were never once named in any one of those pleadings. A.J. Ellis, Jr. was the only defendant identified even though the vehicle identification number was listed from a title that bore the names of the defendant as well as Janie H. Ellis; yet she was never made a defendant in the proceedings. The IberiaBank account’s number was identified; yet the fact that Mr. Ellis was not a party to the account was not. Such representations to a court for the obtainment of a judgment are inexcusable. Therefore, as a result of the State’s and defendant’s failure to follow the proper procedure, commencement of forfeiture proceedings is best started anew.
Un its representation to the court, the State notes that the claim filed by Mr. Ellis, although defective, never contests the seizure of the bank accounts and we agree. However, Mr. Ellis was not a proper party under La. R.S. 40:2610 to assert any claim to a bank account in which he has no interest or ownership. Ordinarily the time delay to assert a claim in a forfeiture proceeding is thirty days after Notice of Pending Forfeiture. When asked whether she was ever notified that the funds in the account had been seized, Mrs. Janie Ellis testified that she never received any notification; and although there was a copy of the letter from Iberia Bank addressed to her residence stating that such had occurred, there is no conclusive evidence showing that Mrs. Ellis actually received this notice. In any event, neither of the owners of the bank account were ever served with process as defendants in this action.
Even after realizing these “problems of due process” the trial court, in essence, ignored the rights of both indispensable parties, Mrs. Janie Ellis and her daughter, Ms. Hazel Ellis. Even though these women did not assert a claim to the bank funds, it does not shock the sense of justice to allow them the opportunity to be heard. Mrs. Ellis testified that the funds in the bank were her daughter’s and in both their names in cases where she would need to make emergency withdrawals. This is not to say that these funds cannot be claimed by the State as the fruits of illegal activity, but such determination must be made after hearing from all parties. Pursuant to La. C.C.P. art. 927(B), this court now reverses the judgment of the trial court Land remands for the joinder of Janie H. Ellis and Hazel V. Ellis and for all other proceedings consistent with this opinion.
Costs of this appeal are assessed to the State of Louisiana in the amount of $191.50 in accordance with La. R.S. 13:5112.
REVERSED AND REMANDED.
DREW, J., dissents to the “Per Curiam on Rehearing” with written reasons.
BROWN, C.J., dissents for the reasons set forth by Judge Drew.