DREW, J.,
dissenting from the grant of rehearing.
| jFor the reasons outlined in my previous opinion, I make these additional comments, respectfully dissenting from the rehearing majority’s Per Curiam, which reverses the entirety of our previous opinion.
The legislative branch enacts statutes; the judicial branch interprets these laws. Here, however, the majority on rehearing engages in judicial activism, to arrive at a desired result, notwithstanding the law of criminal forfeiture and the procedural posture of this matter. The new majority has declined to follow the Louisiana Supreme Court’s recent decision of State v. 2003 Infinite G35 VIN# JNKCV51E93MO24167 and Kristofor Rebstock, 2009-1193 (La.1/20/10), 27 So.3d 824, which provides an enlightening roadmap to guide the execution and analysis of these cases. The new majority is apparently offended by the terms of Louisiana’s Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (La. R.S. 40:2601-2622). Statutory objections should be addressed in the legislature.
There was ample time for anyone adversely affected to intervene in these proceedings. Consider the chronology:
• Original seizures — September 2007;
• State’s application for Warrant of Seizure for Forfeiture — Oct.2007;
• Defective Objection[1] filed by defense counsel — November 2007; and
• Actual Application for Forfeiture— March of 2008.
Critically, the majority on rehearing fails to consider the factual and legally distinct postures of the three items of forfeiture.
|2I. The Cash Seized at the Scene
The amount of $35,453 in U.S. currency was seized on October 11, 2007, from defendant’s person and from his home, during the successful execution of a search warrant for drugs.
Defendant’s lawyer filed an unsworn “petition” objecting to the seizure of this currency, but never served the district attorney properly. It is mandated by La. R.S. 40:2610 that:
• the defendant himself file the claim,
• the filing must be in affidavit form, and
• the district attorney must be served by certified mail.
None of this was done properly.
Rebstock’s objection (Rebstock, supra) was far superior to what we have here in that all three of these statutory requirements were satisfied in that case. His claim was still denied because of a lack of specificity.
Claimant’s failure to follow any one of these three statutory mandates results in his objections being without effect. Since the district attorney was never legally served with any adverse claim, the state had no notice of the objection by attorney for Ellis. Accordingly, the state properly proceeded to dispose of these properties on a strictly administrative basis, all as per law.
Nowhere in the original dissent, or in the current majority opinion on rehearing, is there any factual or legal basis by which *972 to rescind the forfeiture of this cash. The current majority just does it, sua sponte, even though this cash seizure was not even challenged upon rehearing.
ly.II. The Pickup Truck and Title Seized at the Scene
Also seized at the Ellis home on the same date was a 2001 pickup truck, titled jointly in the names of A.J. Ellis, Jr., and Janie H. Ellis.[2] Defendant’s lawyer objected to the forfeiture of the truck, but with the same three deficiencies as outlined pertaining to the cash.[3]
Defendant’s sole complaint at rehearing concerned the incorrect VIN# relative to this truck; no rehearing was requested on the currency or the bank proceeds.
On rehearing, the majority has ignored the “erroneous VIN” attack, reopened the entire case,[4] and nullified seizure of the truck because Mrs. Ellis was not made a party to the petition for forfeiture of the truck. This holding somehow ignores a clear statutory prohibition as to any claim she could have made pertaining to the vehicle.[5] Mrs. Ellis had no way to prove any exemption pertaining to this truck, since she held it jointly with her husband, “whose conduct gave rise to its forfeiture.”
|4III. The Bank Proceeds
We noted in Footnote # 18 of the original majority opinion that:
There was probable cause established in the affidavit of the seizing agency officer, relative to the initial seizures of the bank proceeds, but the showing was not overwhelming. Since the two ladies filed no claim, after due notice, we have nothing before us by which to consider any relief, assuming they were due any.
Our previous majority opinion merely noted the due process question relative to Janie H. Ellis (wife of Mr. Ellis) and Hazel V. Ellis (daughter of Mr. Ellis).[6] We then resolved any due process issues in favor of the state.
At least the inadequate objections about the cash and the truck were timely. No claim was made about the bank accounts, until this appeal.
Puzzlingly, Janie Ellis and Hazel Ellis have had years to complain, yet they have chosen to remain silent. The majority has cast these ladies as victims. There are other interpretations of their non-actions. The bottom line is that these ladies have *973 never asked for our help, yet the majority finds a way to grant them relief on appeal.
The rehearing application asks for review of one item of the previous majority opinion,[7] about one of the seized properties. Instead, the new majority, apparently applying the “sniff’ test, throws out everything, and suggests that everyone just start over.
With respect, I dissent.

. Two points: First, this Objection ("Petition for Stipulation of Exemption and/or Notice of Claim Against Seized Property in Pending Forfeiture, and Request for Hearing for the Return of Seized Property”) only covered the cash and truck. Second, wouldn’t it have been a good idea for the defense lawyer to have provided an order for the hearing date, instead of just hiding in the weeds for four months?

. Mr. and Mrs. Ellis are married to each other.

. Common deficiencies found in defendant's "petition” objecting to forfeiture of the cash and the truck: (1) the objection was not signed by the defendant, (2) it was unsworn, and (3) it was not served upon the district attorney by certified mail, as required by law.

. As per the "Sexton rule,” hitherto unknown to this writer.

. La. R.S. 40:2605 Exemptions
A property interest is exempt from forfeiture under this Chapter if its owner or holder establishes all of the following:
(1)That he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and did not know and could not reasonably have known of the conduct or that it was likely to occur.
(2) That he had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in bona fide commercial transaction.
(3) That with respect to conveyances for transportation only, he did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture. (Our emphasis.)

.The truck was tided in the names of A.J. Ellis, Jr., and Janie H. Ellis. The bank proceeds were apparently in an account or accounts in the names of Janie H. Ellis and Hazel V. Ellis. Whether or not others were named on the accounts is unclear.

. Only alleging for rehearing that the incorrect VIN# should cause us to reconsider the forfeiture of the truck. Nothing about the cash; Nothing about the accounts.