ROBERT M. MURPHY Judge.
|2In this forfeiture proceeding, relator, the Jefferson Parish District Attorney’s Office (“the State”), seeks review of the trial court’s denial of its motion to strike respondent’s claim of ownership to a vehicle seized by the Kenner Police Department pursuant to the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989. For the following reasons, we grant the State’s writ application, reverse the trial court judgment, grant the State’s motion, and remand this matter to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
This litigation arises out of the seizure of a vehicle pursuant to" the" Seizure and Controlled Dangerous Substahces Property Forfeiture Act of 1989 (“the Act”), La. R.S. 40:2601 et seq. Racquel Floyd (“Floyd”), respondent herein, timely sought to establish her ownership of the vehicle seized following the arrest of her brother, Brian Chisholm,[1] who used the vehicle to conduct drug transactions. Under La. R.S. 40:2610, Floyd timely submitted a claim to the property, alleging that she purchased the vehicle with student loan funds and that she was unaware that her brother had used the vehicle to conduct illegal activity.
l3On October 8, 2015, the State filed a motion to strike Floyd’s claim, asserting that Floyd’s claim failed to comply with the statutorily mandated requirements provided in Lá. R.S. 40:2610. Specifically, the State argued that Floyd failed to provide the “date, identity of the transferor, and the circumstances of [her] acquisition of the interest in the property’ or the “essential facts supporting each assertion,” in addition to other requirements under La. R.S. 40:2610.
On December 2, 2015, following a hearing, the trial court denied the State’s motion, finding that Floyd “set forth sufficient facts to ... survive a motion to strike the claim.” The State filed a writ application seeking review of the December 2, 2015 ruling. To properly consider this writ application, we assigned the State’s writ for oral argument on April 11, 2016, pursuant to Uniform Rules, Courts of Appeal, Rule 4-7. •
LAW AND ANALYSIS
The Act establishes specific procedures, “which allow the State to seize and have forfeited property that is related to, is a proceed from, facilitates, or is itself a violation of the Uniform Controlled Dangerous Substances Law, La. R.S. 40:961-995.” State v. 2003 Infiniti G35, 09-1193 (La.01/20/10), 27 So.3d 824, 828.
To initiate forfeiture proceedings, the State must serve the owner of, or the interest holder in the seized property, with a notice of pending forfeiture within forty-five days of the seizure, setting forth “a description’ of the property, the date and place of seizure, the conduct giving rise to forfeiture or the violation alleged, and a summary of procedures and procedural rights applicable for the forfeiture action.” 2003 Infiniti G35, 27 So.3d at 831, citing La. R.S. 40:2608(4). The State *1163 may set forth, in the “notice of pending forfeiture, a stipulation of exemption ^pursuant to La. R.S.,40:2609.”[2] Regardless of whether the State includes a stipulation of exemption in its notice of pending forfeiture, the owner or interest holder “must take affirmative steps in order to .reserve his interest in the property.”
The Act additionally provides “a means through which an innocent owner or interest holder can regain his property in a speedy and relatively inexpensive process.” Id. The owner or interest holder “must either file a claim or a request for stipulation that ‘shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested.’ ” 2003 Infiniti G35, 27 So.3d at 832, quoting La. R.S. 40:2610(A).
The Act also sets forth specific requirements for the form and content of the claim or request under La. R.S. 40:2610, which provides, in pertinent part:
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant will accept mail.
(3) The nature and extent of the claimant’s interest in the property.
(4) The date, identity of the transfer- or, and the circumstances of the claimant’s acquisition of the interest in the property.
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture;
(6) All essential facts supporting each assertion.
(7) The specific relief sought.
The language “shall” in the article renders each of the above-cited requirements mandatory. 2003 Infiniti G35, 27 So.3d at 828. The purpose of these requirements is to provide the State “an adequate basis to assess whether to release |fithe property promptly without pursuing the forfeiture proceeding further.” 2003 Infiniti G35, 27 So.3d at 834. Therefore, a vague and general claim of ownership, without specific factual support for such a claim and without all requirements set forth in La. R.S. 40:2610, “does not provide the State with sufficient information to assess the merits of continuing with the forfeiture proceedings.” Id. at 836.
Louisiaha courts have recognized the significant consequences for a claimant who does not properly follow the mandatory requirements provided in La. R.S. 40:2610. In State v. 2003 Infiniti G35, supra, the Louisiana Supreme Court explained:
The mandatory, plain-language requirements for the filing of a timely, valid claim or request for stipulation are clear and, if not met, carry significant consequences. La. R.S. 40:2610 clearly estab *1164 lishes a thirty-day filing deadline that cannot be extended under any circumstances; prescribes the necessary form of the claim; and sets forth the required content of the averments with unambiguous specificity. The failure to fulfill any of these requirements — whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary averments — precludes the owner or interest holder from further participation in the forfeiture proceeding.
2003 Infiniti G35, 27 So.3d at 834.
Forfeiture proceedings under the Act are civil proceedings, generally governed by the Louisiana Code of Civil Procedure. La. R.S. 40:2611(K). In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error, or “clearly wrong” standard, which precludes the setting.aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. Cenac v. Public Access Water Rights Ass’n, 02-2660, p. 9 (La.6/27/03), 851 So.2d 1006, 1023.
In the instant case, the State contends that the trial court erred in denying its motion to strike and in finding that Floyd’s “Claim Of Ownership And Opposition To Forfeiture” sufficiently complies with the mandatory requirements set forth in LLa. R.S. 40:2610. Specifically, the State argues that Floyd’s claim did not contain: (1) the caption of the proceedings as set forth in the Notice of Pending Forfeiture; (2) the specific provision of law on which she relied in asserting that the vehicle is not subject to forfeiture;' (3) the date, identity of the transferor, and/or the circumstances surrounding Floyd’s acquisition of an interest in the vehicle at issue; and (4) all essential facts supporting her assertions of ownership in the vehicle.
Our review of Floyd’s “Claim of Ownership And Opposition To Forfeiture” reveals several deficiencies on its face. First, the caption therein (“State of Louisiana vs. Brain [sic] Chisholm, Jr. and Racquel Floyd ”) does not match the State’s Notice of Pending Forfeiture (“State of Louisiana versus Property Seized From Brian K. Chisholm, Jr.”) Thus, Floyd’s claim is technically not compliant with La. R.S. 40:2610(B)(1).
Next, Floyd’s claim of ownership does not refer to a specific provision “relied on in asserting that the property is not subject to forfeiture,” as required by La. R.S. 40:2610(B)(5). Rather, Floyd makes a general allegation that “[t]he property is not subject to seizure because it was not gained from illegal narcotic sales as alleged by the seizing authority.” In State v. 2003 Infiniti G35, supra, the court addressed a similar issue:
However, [claimant] did not explain any further. He neither clarified which exemption applied to his interest in the Infiniti nor provided factual assertions that would support the basis for falling within one of the Act’s exemptions. [Claimant] merely asserted a general denial of the allegations in the Notice of Pending Forfeiture and relied on a con-clusory, unsupported assertion that his interest in the Infiniti is exempt. [Claimant’s] failure to provide the essential and specific factual and legal assertions to support all of the necessary averments rendered his claim invalid under Section 2610.
2003 Infiniti G35, 27 So.3d at 835.
^JjSimilarly, Floyd’s claim does not refer to a specific exemption under La. R.S. 40:2605,[3] but instead states generally that *1165 the property is not subject to seizure. Accordingly, Floyd’s claim is not technically compliant with La. R.S. 40:2610(B)(5).
Moreover, substantively, the claim itself does not supply the “date, identity of the transferor, and the circumstances” surrounding Floyd’s acquisition of her interest in the vehicle or “all essential facts” supporting her assertions of ownership. Floyd does not provide either the date upon which she purchased or acquired ownership in the vehicle nor does she state the identity of the vehicle’s transferor. Further, Floyd alleges that she purchased the vehicle with student loan funds, but provides no supporting facts concerning the amount of student loan funds used to purchase the vehicle or the lender from whom she obtained the student loan funds allegedly used to purchase the vehicle. Therefore, Floyd’s claim does not provide the State with “an adequate basis to assess whether to release the property promptly without pursuing the forfeiture proceeding further” and, thus, does not comply with the requirements of La. R.S. 40:2610(B)(4) and (6). 2003 Infiniti G35, 27 So.3d at 834.
| «Floyd contends that an attachment of a “temporary tag” printout to her claim, which reflects that Floyd acquired title to the vehicle at issue on May 25, 2016, approximately one month after the vehicle was seized, was sufficient to comply with La. R.S. 40:2610(B)(4) and (6). We find that the “temporary tag” printout attached to Floyd’s claim does not satisfy the “mandatory, plain-language requirements” under La. R.S.-40:2610(B)(4) and (6). First, neither Floyd’s written claim nor the attachment provides the identity of the transferor, as plainly required under La. R.S. 40:2610(4). Further, neither the written claim nor the attachment supports any claim that Floyd had any 'ownership interest in the vehicle at the time it was seized and the Notice of Pending Forfeiture was issued.[4] Accordingly in this case, Floyd’s claim failed to meet the requirements of La. R.S. 40:2610(B)(4) and (B)(6).
The transcript of the December 2, 2015 hearing on the State’s motion to strike reflects that the trial court concluded that the only relevant issue for consideration *1166 was whether Floyd had sufficiently set forth an argument to prove her ownership.
THE COURT:
I wanted to re-read the claim of the ownership and the opposition to forfeiture. I think it.does set forth sufficient facts to meet or to survive a motion to strike the claim.
In this case, it appéars from the record before us that the trial court failed to consider the plain language' of La. R.S. 40:2610(B) and the specific, mandatory averments therein. As discussed above, compliance with each requirement of La. R.S. 40:2610 is mandatory and failure to fulfill any of ■ these requirements “precludes the owner or interest holder from further participation in the forfeiture'proceeding” -and results in a dismissal of the claim. -Because Floyd’s claim failed ' to bset forth all of the mandatory requirements provided in La. R.S. 40:2610(B), we find that 'the trial court was manifestly erroneous in denying the State’s motion to strike. •
CONCLUSION
Based upon the State’s writ application and the arguments of counsel, for the foregoing reasons, we grant the State’s writ application, reverse-the judgment denying the State’s motion to strike, gr'ant the State’s motion, ahd remand this matter for further proceedings.

WRIT GRANTED: JUDGMENT REVERSED: MATTER REMANDED

. The writ application reflects that Brian Chisholm pled guilty on December 10, 2015, to three counts of distribution of marijuana, in violation of La. R.S. 40:966(A). It is not contested that Brian Chisholm was driving the vehicle at issue at the time he sold marijuana to an undercover officer.

. La. R.S. 40:2609(A) provides:
The district attorney may make a stipulation of exemption available in the following manner:
(1) If the district attorney makes a stipulation of exemption available, the district attorney shall so indicate in the Notice of Pending Forfeiture'as provided in Section 2608 of this Chapter.
(2) An owner of or an interest holder in the property may elect to file a claim within thirty days after the Notice of Pending Forfeiture or a request for a stipulation of exemption with the district attorney within thirty days after the notice, but no request may be filed after a court action has been commenced by the state. The claim or request shall comply with the requirements for claims in Section 2610 of this Chapter.

. La. R.S. 40:2605 provides:
A property interest is exempt from forfeiture under this Chapter if its owner or holder establishes all of the following: (1) That he is not legally accountable for the conduct giving rise to its forfeiture, did not consent to it, and *1165 did not know and could not reasonably have known of the conduct or that it was likely to occur. (2) That he had not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in bona fide commercial transaction. (3) That with respect to conveyances for transportation only, he did not hold the property jointly, in common, or in community with a person whose conduct gave rise to its forfeiture. (4) That he does not hold the property for the benefit of or as an agent for any person whose conduct gave rise to its forfeiture, and, if the owner or interest holder acquired his interest through any such person, the owner or interest holder acquired it as a bona fide purchaser for value not knowingly taking part in an illegal transaction. (5) That no person whose conduct gave rise to its forfeiture had the authority to convey the interest to a bona fide purchaser for value at the time of the conduct. (6) That the owner or interest holder acquired the interest after the completion of the conduct giving rise to its forfeiture and that the owner or interest holder acquired the interest under all of the following conditions: (a) As a bona fide purchaser for value who was not knowingly taking part in an illegal transaction, (b) Before the filing of a forfeiture lien on it and before the effective date of a Notice of Pending Forfeiture relating to it, and without notice of its seizure for forfeiture under this Chapter, (c) At the time the interest was acquired, there was no reasonable cause to believe that the property was subject to forfeiture or likely to become subject to forfeiture under this Chapter.

. See La. R.S. 40:2605(6), which provides an exemption for property acquired after the date of the illegal activity but prior to the effective date of the Notice of Pending Forfeiture.