GASKINS, J.
|,The State of Louisiana, through the office of the District Attorney in Claiborne Parish, appeals from a trial court judgment releasing firearms seized in connection with a series of drug offenses committed by Kevin Wade Birdwell and ordering that Mr. Birdwell’s former wife, Kelly Birdwell, hold the weapons in trust for their minor children. For the following reasons, we affirm in part and reverse in part the trial court judgment.
FACTS
Mr. Birdwell sold drugs to undercover officers and a warrant was obtained to search his house. That search was conducted on May 21, 2010. Mr. Birdwell was *1109 found to be in possession of numerous kinds of drugs. He was arrested and items from his home were seized, including approximately 30 firearms. By grand jury indictment, Mr. Birdwell was charged with 14 offenses resulting from the controlled dangerous substances (“CDS”) found in his house.
A plea bargain was reached whereby some of the charges were reduced and others dismissed. One of the charges dismissed was possession of firearms while in possession of CDS. On September 20, 2010, Mr. Birdwell pled guilty to possession with intent to distribute methamphetamine, cocaine and marijuana, and to simple possession of hydrocodone, oxycodone, methylphenidate, amphetamine, morphine, dextropropoxyphene, clonazepam, phenter-mine, and legend drugs. Mr. Birdwell was sentenced to serve seven years at hard labor for each |gcount of possession with intent to distribute and five years at hard labor for each count of simple possession. The sentences were ordered to be served concurrently.
At the guilty plea and sentencing, the prosecutor stated that several items seized at the time of the arrest were to be forfeited in conjunction with the plea agreement. Mr. Birdwell’s attorney responded that some of the guns seized did not belong to Mr. Birdwell and that his former wife was intent on getting them back because they were family heirlooms. The prosecutor said that the state asked that any seized guns be forfeited, but if they were not owned by the defendant and if the owner could produce proof of that, those guns would not be forfeited. The court ruled that all items seized were to be forfeited unless excepted by a motion filed with the district attorney with evidence that the firearms or other items are not owned by Mr. Birdwell. A coin collection and baseball cards were excepted from forfeiture at the guilty plea hearing.
On December 6, 2010, Mr. Birdwell’s former wife, Kelly Birdwell, on behalf of her two minor sons, filed a motion to release seized property under La. R.S. 15:41 (C). This statute deals with the disposition of property seized in connection with a criminal proceeding which is not to be used as evidence or is no longer needed as evidence. She alleged that the parties were divorced in 2006, and in 2008, in connection with their community property settlement, they agreed to transfer the possession of the guns located at the prior matrimonial domicile to Mr. Birdwell. However, the weapons were intended to be the property of the minor children. Ms. Birdwell noted that, in the present case, the only charge against Mr. |aBirdwell dealing with firearms was dismissed and the guns were no longer needed for evidence and should be released.
A hearing was held on Ms. Birdwell’s motion to release the guns on January 20, 2011. The attorney who represented her in the divorce and community property settlement also represented her in this matter. The community property settlement, which was executed in February 2008, was admitted into evidence and provided in pertinent part:
KEVIN WADE BIRDWELL hereby receives and KELLY RENEE BIRD-WELL hereby grants, bargains, sells and conveys unto him with full guaranty of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto him, all of her right, title and interest in and to the following described property:
[[Image here]]
j) All guns (Approximately 30, some belonging to the minor children and some Kelly Renee Birdwell’s separate property)
*1110 It was argued that some of the guns were inherited by Ms. Birdwell and that the Birdwells agreed at the time of the community property partition that Mr. Bird-well would keep the guns for Kelly and the children. The district attorney stated that he had no objection at all to whatever the court ruled. Ms. Birdwell was placed on the stand and questioned about which guns she inherited. She was not familiar with guns and stated that the firearms she inherited were older model guns, but could not give specific information. Because she could not be more specific, the prosecution agreed to allow Ms. Birdwell some time to determine which guns she was claiming. The court stated that it would sign a judgment in favor of Ms. Birdwell with a listing of the serial numbers of the guns claimed by her. The court also asked Ms. J^Birdwell to obtain an affidavit from Mr. Birdwell releasing any ownership interest he might have in the guns.
On May 16, 2011, Mr. Birdwell filed a pro se petition for a writ of mandamus with this court, claiming that in January 2011, he petitioned the trial court for release of all personal papers and property and that the trial court had failed to act on his petition. On June 2, 2011, this court granted the writ of mandamus for the limited purpose of transferring the matter to the trial court for action. On June 6, 2011, the trial court denied the writ of mandamus, but set a hearing date for Ms. Birdwell’s motion to release property.
Another hearing was held on August 2, 2011. Mr. Birdwell was brought into court and testified that he relinquished any ownership he had in the guns to his minor children, to be held in trust for them by Ms. Birdwell. Mr. Birdwell testified that, of the 30 guns seized in connection with his arrest, all but three were either inherited by Ms. Birdwell or purchased for the children. Mr. Birdwell testified that he owned a .40 caliber Smith and Wesson pistol and two .50 caliber rifles.
At the close of the hearing, the district attorney said that he would not object to the guns that Mr. Birdwell testified were inherited by Ms. Birdwell being returned to her. The district attorney also said that he had no objection to returning the BB and pellet guns to Ms. Birdwell, and would leave the disposition of the other weapons to the court, but deemed Mr. Birdwell’s testimony that the other guns were purchased for the children to be self-serving.
|sThe trial court stated that it considered the community property agreement which indicated that possession and custody of the firearms was given to Mr. Birdwell no matter where the ownership originated “because the relationship Mr. Birdwell had with firearms and the children was such that the children would be able to use the firearms with his — his being around them.” The trial court ordered that all the firearms be given to the care, custody, and control of Ms. Birdwell and terminated all ownership rights in those weapons that Mr. Birdwell had previously. The trial court signed a judgment ordering the Claiborne Parish Sheriffs Office to release all the guns to Ms. Birdwell to be held in trust for the children until they reach the age of majority. Ownership of the guns was transferred from Mr. Birdwell to the children. The state appealed the trial court judgment.
FORFEITURE OF WEAPONS
The state argues that the trial court erred in ordering that the guns be released to Ms. Birdwell based on a finding that she or her children owned the weapons. The district attorney urges that, in the community property settlement, Mr. Birdwell attained full ownership of all the weapons and Ms. Birdwell produced no evidence, other than the testimony of Mr. Birdwell, that she or the children owned any of the guns. The state contends that *1111 under the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, contained in La. R.S. 40:2601, et seq., the weapons were subject to seizure and forfeiture due to Mr. Birdwell’s illegal drug activity.
Discussion
La. Const. art. I, § 4, provides in pertinent part:
| fiEvery person hag the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
[[Image here]]
(C) Personal effects, other than contraband, shall never be taken.
(D) The following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above-described property has been rendered unavailable.
Civil forfeiture is the process by which governments seize property without compensating its owner, based on its connection with the commission of a crime. There is no prerequisite that a crime be proven before property is subject to confiscation. State v. Edwards, 2000-1246 (La.6/1/01), 787 So.2d 981; State v. $107,156 U.S. Currency Seized from Marlin Morton and Richard Woods, 41,090 (La.App.2d Cir.6/30/06), 935 So.2d 827, writ denied, 2006-2271 (La.11/22/06), 942 So.2d 557.
The procedural posture of this case is somewhat unclear. The district attorney -argues that the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (“Forfeiture Act”), contained in La. R.S. 40:2601, et seq., is controlling in this case.[1] The district attorney argues that, as a condition of Mr. Bird-well’s plea agreement, the court ordered that all items seized at his arrest would be forfeited, with the exception ■ that a 17motion be filed and evidence presented that items in dispute were owned by someone other than Mr. Birdwell. La. R.S. 40:2608 sets forth the procedures to be followed by the district attorney to commence forfeiture proceedings, including providing Notice of Pending Forfeiture to the owner and interest, holder in the property. The district attorney may bring a forfeiture proceeding in rem or in person-am or both. See La. R.S. 40:2612 and 2613. Hearings are then held by the trial court to determine whether the property is to be forfeited. The appellate record does not contain any documentation regarding a forfeiture proceeding instigated by the district attorney’s office.
Ms. Birdwell asserted her claim to ownership of at least some of the weapons, not under the Forfeiture Act, but under La. R.S. 15:41, which provides in pertinent part:
A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
B. If there is no such specific statute, the following governs the disposition of *1112 property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
(1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest;....
C. Where the release of seized property is sought by a person claiming to be the owner, it shall be released only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.
Ms. Birdwell noted that Mr. Bird-well had been charged with possession of firearms while in possession of controlled dangerous substances, a violation of La. R.S. 14:95(E). This charge was dismissed as a part of the guilty plea agreement. Because the weapons were no longer needed as evidence of that offense, Ms. Bird-well chose this statute to assert her claim of ownership of the guns. Regardless of which statute is applied to seek the return of the weapons, or whether this was an agreed disposition pursuant to the plea, it is undisputed that Ms. Birdwell had the burden of showing that the ownership of the guns did not rest with Mr. Birdwell, but with her and the children.
Ms. Birdwell asserted that she inherited some of the guns and that some of them belonged to the children. She stated that, in executing the community property settlement, the parties intended for Mr. Bird-well to possess the guns for her and the children.
Mr. Birdwell’s testimony corroborated that of Ms. Birdwell. He stated that in the community property settlement, the parties intended that he would possess the guns inherited by Ms. Birdwell and those owned by the minor children. Mr. Bird-well was questioned about each gun that was seized when he was arrested. He identified the guns inherited by Ms. Bird-well and those that were purchased as gifts for the minors. Mr. Birdwell also testified that he owned two .50 caliber rifles and a .40 caliber pistol.
In a civil forfeiture proceeding, the trial court’s findings of fact are subject to the manifest error/clearly wrong standard of appellate review. State v. Isaac, 31,277 (La.App.2d Cir.12/9/98), 722 So.2d 353. Under |9that standard, the fact finder’s reasonable evaluations of credibility and reasonable inferences of fact made to resolve conflicts in the testimony of the trial witnesses should not be disturbed. When there are two permissible views of the evidence, the fact finder’s decision to credit one and discredit the other can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
At the close of the hearing in the trial court, the district attorney stated that he had no objection to the trial court releasing to Ms. Birdwell the guns she inherited and the BB and pellet guns seized at the time of Mr. Birdwell’s arrest. He only objected that Mr. Birdwell’s testimony was not sufficient to show that the other guns were given to the children. The district attorney on appeal argues that the community property settlement conveyed full ownership of all the guns to Mr. Birdwell and therefore, the trial court erred in releasing all the guns to Ms. Birdwell.
The trial court assessed the credibility of the testimony and evidence and *1113 found that all of the guns should be released' to Ms. Birdwell to hold for the minor children. We find that the trial court was not manifestly erroneous in that portion of its decision specifying that Ms. Birdwell should have possession of the guns she inherited along with the guns purchased for the children until the children are no longer minors.
However, we note that Mr. Bird-well testified that he personally owned two .50 caliber rifles and one .40 caliber pistol. He did not say that these weapons were inherited by Ms. Birdwell or were purchased for the children. We find that the trial court erred in giving possession of these three guns to Ms. Birdwell. We reverse that portion of the trial court | judgment and remand the matter to the trial court in order that the district attorney may seek to obtain forfeiture of these weapons.
CONCLUSION
For the following reasons, we affirm that portion of the trial court judgment finding that the guns inherited by Kelly Birdwell and those given as gifts to the minor children are to be held by Ms. Bird-well for the minors until they reach the age of majority. We reverse that portion of the trial court judgment releasing two .50 caliber rifles and one .40 caliber pistol to Ms. Birdwell. Mr. Birdwell testified that these guns were owned by him. The matter is remanded to the trial court to allow the district attorney to pursue forfeiture of these weapons through the proper procedures.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.

. Conduct giving rise to forfeiture is set forth in La. R.S.40:2603. Property that is subject to forfeiture is described in La. R.S. 40:2604. Property intérests exempt from forfeiture are outlined in La. R.S. 40:2605.