LOLLEY, J.
| ¶Arlandor Foster (a/k/a Orlando Foster) appeals a judgment of the First Judicial District, Parish of Caddo, State of Louisiana, in favor of the State of Louisiana (the “State”) regarding the forfeiture of $2,540.00 found in Foster’s pocket (along with 4 grams of crack cocaine). For the following reasons, we affirm the trial court’s judgment of forfeiture.
Facts
On June 2, 2008, Foster was shot in Shreveport, Louisiana. He was found by Shreveport police, who recovered 4 grams of crack cocaine and $2,540.00 in cash from Foster’s pants pocket. At the time, Foster was the subject of an ongoing drug investigation; thus the items were seized from Foster under the belief that they were drug proceeds, as well as being evidence of a criminal violation. Ultimately, Foster was arrested and charged with Distribution of Schedule II, Controlled Dangerous Substance, a violation of La. R.S. 40:967 A(l).
After the State initiated forfeiture proceedings regarding the currency, it filed an affidavit in application for seizure warrant, claiming that the currency was evidence of the commission of an offense. Based on that, the trial court granted the seizure warrant. Foster was served with the notice of pending forfeiture. Foster filed a timely claim regarding the seized funds, and the State responded by filing an application for order of forfeiture no claims timely filed and corresponding rule to show cause. After a hearing on June 2, 2011, at which Foster was not in attendance, a judgment of forfeiture was entered by the trial court. This appeal by Foster ensued.
1 ^Discussion
On appeal, Foster, appearing pro se, does not advance any formal assignments of error, but argues that the State claimed to “have ... secured approximately four (4) grams of ‘crack’ cocaine, however, this claim has not been substantiated nor has Foster been charged with any crime that would cause his forfeiture of the Currency....” According to Foster, “there has been no substantiation or proof to compel Foster to relinquish his interest in the Currency nor has there been any sufficient evidence provided to cause Foster to be disposed of the Currency for any reason whatever.” Foster submits that the trial court erroneously allowed the forfeiture of his $2,540.00 in currency, and, on appeal, he requests that the funds be released and certified funds be mailed to his Bureau of Prisons inmate account.[1] The State main *1155 tains that Foster failed to make a proper claim for the currency and forfeiture was proper. We agree and conclude that the forfeiture was propel’, both substantively and procedurally.

Burden of Proof and Sufficiency of the Evidence

The Controlled Dangerous Substances Property Forfeiture Act (the “Act”) allows law enforcement officials to seize illegal drugs and property constituting the proceeds of any drug-related conduct. La. R.S. 40:2601, et seq. The State has the initial burden of showing the existence of probable cause for forfeiture of property under the provisions of the Act. State v. Isaac, 31,277 (La.App.2d Cir.12/09/98), 722 So.2d 353. The evidence [^admissible for meeting the State’s burden can be the same as that admissible in determining probable cause at a preliminary hearing or by a judge in issuing a search warrant. La. R.S. 40:2611(F); State v. Giles, 29,695 (La.App.2d Cir.06/18/97), 697 So.2d 699. If the State meets this burden, the claimant must show by a preponderance of the evidence that his or her interest in the property is not subject to forfeiture. Id.
Because of the similarity of the Act with the federal forfeiture statutes, Louisiana courts have considered the federal jurisprudence in applying the Act. State v. Johnson, 94-1077 (La.01/16/96), 667 So.2d 510. As we noted previously in Giles:
In the federal system where probable cause for forfeiture is also the relevant inquiry, “probable cause” has been defined as a “reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.” “It may be established by demonstrating ‘by some credible evidence, the probability that the money was in fact drug related.’ ” Probable cause can be established by circumstantial evidence or evidence that would be inadmissible at trial, so long as the evidence is reliable. Though this probable cause burden and the permissible evidence required to meet the burden amount to something less than the burden of proof in an ordinary civil proceeding, the United States Fifth Circuit Court of Appeal has recognized that as to the issue of the connexity of the property to the crime, the government’s burden requires “probable cause for belief that a substantial connection exists.” (Citations omitted).
State v. Giles at 704. It is unnecessary for the State to trace the property to a particular drug transaction — it is the totality of the circumstances that leads to a finding of probable cause. State v. Isaac, supra at 355, citing, State v. Albritton, 610 So.2d 209, 213 (La.App. 3rd Cir.1992); United States v. One 1987 Mercedes 560 SEL, 919 F.2d 327 (5th Cir.1990). This evidence goes beyond a mere suspicion. It must be judged not with clinical |4detachment but with a commonsense view to the realities of normal life. State v. Albritton, supra.
Here, the totality of the circumstances indicates that sufficient probable cause for forfeiture existed. Foster was found on a street corner having been shot — obviously not an everyday occurrence and certainly something to raise suspicion. After the crack cocaine and currency were found in his pocket, Foster was arrested and charged with Distribution of Schedule II, Controlled Dangerous Substance, a violation of La. R.S. 40:967 A(l). A sworn affidavit of Agent Shron R. Johnson of the Caddo Parish Sheriffs Office, Caddo-Shreveport Narcotics Unit was filed with the application for seizure warrant. It showed that Agent Johnson had information that Foster was the victim of a shooting, and the currency and crack cocaine had been recovered from Foster. Agent Johnson averred that he was informed *1156 Foster was the subject of an ongoing investigation regarding the distribution of drugs. Finally, we note that the currency found in Foster’s pants pocket (along with the cocaine) is that sort of property which is subject to forfeiture under La. R.S. 40:2603(3), namely “[pjroceeds of any conduct giving rise to forfeiture.” The totality of the circumstances in this case tended to show that probable cause existed for the seizure of the currency.
Since the State established probable cause, the burden shifted to Foster to prove by a preponderance of the evidence that the money came from some other source not drug-related. Foster failed to present any evidence that the currency recovered from his pocket was not subject to | .^forfeiture. So considering, we conclude that the State met its burden in proving that probable cause existed for the forfeiture.

Forfeiture Proceedings

 Procedurally, the State met its burden as well. Louisiana R.S. 40:2606(0) states:
Property that is alleged to be evidence of a criminal violation may be seized for forfeiture by any law enforcement agency designated by the district attorney, with or without process issued by any district court, on probable cause to believe that the property is subject to forfeiture under this Chapter. Within seventy-two hours, exclusive of holidays or weekends, after service of notice of pending forfeiture, the seizing agency shall apply to the court for a warrant of seizure to hold the property pending forfeiture, unless such warrant has been previously obtained. Such application shall be on an affidavit under oath demonstrating that probable cause exists for seizure of the property, regardless of whether the proceedings to forfeit property are brought pursuant to federal or state action and regardless of whether the property has been the subject of a previous final judgment of forfeiture in the courts of any state or of the United States. The sufficiency of seizure and affidavit under oath shall be determined in accordance with the law on search warrants. The court may order that the property be held pending forfeiture, on such terms and conditions as are reasonable in the discretion of the court.
Regarding claims to the seized property by the owner, La. R.S. 40:2610 provides:
A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
|fi(l) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant will accept mail.
(3) The nature and extent of the claimant’s interest in the property.
(4) The date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property-
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(6) All essential facts supporting each assertion.
*1157 (7) The specific relief sought.
In this case, the following series of procedural events occurred:
• June 6, 2008: Currency and crack cocaine seized from Foster’s person;
• July 14,2010: Affidavit in Application for Seizure Warrant filed and the Seizure Warrant issued by the trial court;
• December 6, 2010: Notice of Pending Forfeiture personally served on Foster;
• December 27,2010: Foster submits timely claim to State for the return of the currency;
• January 27, 2011: State files Application for Order of Forfeiture No Proper Claims Timely Filed and corresponding Rule to Show Cause; and
• June 2, 2011: Hearing on Rule to Show Cause.
At the hearing on the State’s rule, the trial court noted that Foster had been served with the application but was not present and granted the judgment of forfeiture in favor of the State.
|7Our review of the record shows that the State complied proeedurally with the requirements for forfeiture under the Act. As required by La. R.S. 40:2606 C, following the initial seizure the State filed its affidavit in application for seizure warrant, in proper form, claiming that the currency was evidence of Foster’s alleged criminal violation.[2] Having found that the State showed probable cause in that application, the trial court issued a seizure warrant to the State. Foster was then personally served with the notice of pending forfeiture, as evidenced by the certificate of service in the record. Because the seized currency was evidence of the commission of a crime, the State was not required to file its application for seizure or the notice of pending forfeiture in any particular order. See La. R.S. 40:2606 C.
Foster did attempt to comply with the requirements of La. R.S. 40:2610, but failed to do so in several respects. Foster submitted a short, handwritten statement as his claim for the currency, wherein he denied both having been charged with a crime and that the crack cocaine had been recovered with the money. Notably, his claim was not in affidavit form, signed under oath as required by the statute. It was deficient in other respects as well, in that it: failed to contain the caption of the proceedings as set forth in the notice of pending forfeiture; did not contain the address where Foster could accept mail (although the envelope included his return address); and, failed to state the date, identity of the transferor, and the 1 ^circumstances of his acquisition of the cash. Foster’s claim was primarily a general denial of the allegations contained in the State’s notice of pending forfeiture. It *1158 gave no information or explanation how Foster might have come to possess such a large sum of money, especially in light of it being recovered after he was shot and in the same pocket with 4 grams of crack cocaine.
The State correctly proceeded by filing its application for order of forfeiture, with the proper supporting documentation, and service was made on Foster. After a hearing on the matter, the trial court properly concluded that Foster failed to make a proper claim for the currency as provided by La. R.S. 40:2610 and entered a judgment of forfeiture as to the currency in favor the State. Considering that the trial court’s action was not in error, Foster’s arguments on appeal have no merit.
Conclusion
For the foregoing reasons, the judgment of forfeiture in favor of the State of Louisiana is affirmed. Costs of this appeal are assessed to Arlandor Foster.
AFFIRMED.

. The record shows that Foster was an incarcerated patient at the Federal Medical Center in Rochester, Minnesota; however, the record gives no explanation regarding his exact status there as a patient/inmate.

. Although the State claims the seized items were "evidence of the commission of an offense” and Foster was charged with a crime, the record is unclear as to the outcome of that prosecution. However, it is immaterial whether Foster was convicted, or even charged and tried with a crime. In a civil forfeiture action, the State need not bring criminal charges, either before or after the forfeiture. In fact, it can seize assets without ever bringing a criminal charge against anyone involved with the asset. State v. Property Seized from Terrance Martin, 2009-1417 (La.App. 1st Cir.03/30/10), 37 So.3d 1021.