LOLLEY, J.
|, Barney Noel Holt, III, was convicted by the First Judicial District Court, Parish of Caddo, State of Louisiana of possession of a schedule II controlled dangerous substance in violation of La. R.S. 40:967 F(l)(a). Holt was adjudicated a third habitual offender and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. This appeal followed. For the following reasons, we affirm his conviction and sentence.
FACTS
On January 7, 2009, the Shreveport Police Department raided the home of Barney Noel Holt, III, and arrested him for possession of methamphetamine in an amount greater than 28 grams. The raid was conducted pursuant to a search warrant supported by the recent purchase of a large quantity of methamphetamine by a confidential informant shortly before the raid.
*1010 Holt was charged by bill of information with possession of over 28 grams of methamphetamine in violation of La. R.S. 40:967 F(l)(a). In June, 2009, Holt’s court-appointed counsel withdrew and was replaced with new counsel. Again, several months later, Holt’s counsel was replaced.
On the day of his jury trial, Holt filed a motion to suppress the evidence gathered during the search of his home, alleging various arguments as to how the search violated his constitutional rights. The trial court denied the motion to suppress as untimely and commenced with trial. At the conclusion of the trial, the jury found Holt guilty as charged. Holt filed a motion for new trial which the trial court denied.
Holt was charged by bill of information as a habitual offender pursuant to La. R.S. 15:529.1 A(3)(b). After a habitual offender hearing, Holt was adjudicated and subsequently resentenced as a third felony offender to life imprisonment without the benefit of probation, parole, or suspension of sentence. Holt filed a motion to reconsider sentence which the trial court denied. This appeal followed.
DISCUSSION
As his only assignment of error, Holt argues that the trial court erroneously denied his motion to suppress as untimely. Holt claims that his motion to suppress was justified by the late provision of full discovery by the State which occurred after the start of jury selection. Holt further argues that he could not have filed the motion sooner because his trial counsel learned only a few days prior to trial which pending criminal matter would be prosecuted. Finally, Holt argues that he promptly filed the motion to suppress before the start of evidence and, therefore, the trial court should have entertained his motion. We disagree.
Pretrial motions must generally be made or filed within 15 days after arraignment. La. C. Cr. P. art. 521. “Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.” Id. Specifically regarding the motion to suppress, La. C. Cr. P. art. 703 C provides:
A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise 1 .¡excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.
A lack of communication between defendant and counsel is not grounds to grant an extension of time under art. 703 C. State v. Franklin, 43,173 (La.App.2d Cir.09/17/08), 996 So.2d 387, writ denied, 2008-2371 (La.05/22/09), 9 So.3d 138.
Here, the record reflects that Holt’s original counsel was provided with the relevant evidence as early as May 26, 2009, when the State filed its response to his motion for discovery. The response included a copy of the search warrant and the supporting affidavit which Holt challenged in his motion to suppress. Holt is not permitted to fault the State for his counsel’s failure to request and review relevant discovery information in a timely manner.
Likewise, Holt’s argument that the State’s failure to notify his counsel as to which criminal matter it intended to prosecute led to his counsel’s inability to request the relevant discovery lacks merit. At a hearing on November 16, 2009, the trial court set a trial date of March 10, 2010. *1011 Both Holt and his trial counsel attended that hearing. At the very least, Holt and his counsel knew that in four months’ time, a trial would commence on one of the pending criminal matters. This four-month window provided ample opportunity to review each matter and file any pretrial motions in anticipation of trial. Holt has failed to show good cause for his extremely late motion to suppress. The trial court did not abuse its discretion in denying Holt’s motion to suppress, and this assignment of error is without merit.
1 CONCLUSION
For the foregoing reasons, we affirm Barney Noel Holt, Ill’s conviction and sentence.
AFFIRMED.