CARAWAY, J.
|,The state served claimant with a notice of pending forfeiture of a vehicle allegedly used to facilitate claimant’s drug activities. Claimant filed a claim challenging the forfeiture. The state filed an exception of no right of action on the grounds of claimant’s failure to follow the statutory requirements for filing such a claim. After the trial court granted the exception and dismissed claimant’s request for return of the vehicle, this appeal followed. We affirm.

Facts

In June of 2011, Shreveport police received information from a confidential informant that Labarrie Watson was distributing controlled dangerous substances from several houses in Shreveport, including a home located at 1441 Claiborne Street. On June 2, 2011, police executed search warrants (including one for the Claiborne Street home) when Watson was present. After discovering cocaine, firearms and U.S. currency in the home, police arrested Watson. He was subsequently convicted of possession with intent to distribute a Schedule II controlled dangerous substance and attempted manufacture of a controlled dangerous substance.
At the time of the warrant execution, Watson possessed a 2007 Dodge Ram pickup truck which was parked in front of the Claiborne Street home. Police had observed Watson travel to and from the subject residences in the vehicle. A police dog alerted on the truck and police discovered $198.00 therein. Those funds included $25.00 of Shreveport Police Department buy |2funds, identified as funds used in a drug purchase by Watson at another location.
As acknowledged by Watson, the state mailed him a notice of pending forfeiture of the 2007 truck by certified mail, return receipt requested, on August 5, 2011. On August 26, 2011, Watson submitted an affidavit to the “State of Louisiana, First Judicial District and the Caddo Parish Sheriffs Office,” making a “claim/stipulation of exemption” as to why the truck should not be forfeited. The affidavit reads as follows:
(1) On June 2, 2011, my girlfriend Keri-ca Hymes had a service scheduled by Stanley Steamer to service her carpets at her residence located at 1441 Claiborne Ave., Shreveport, LA. On this date and time Ms. Hymes was working *123 therefore I agreed to wait at her residence while Stanley Steamer serviced her carpets.
(2) Shreveport Police Department along with a K-9 Unit arrived on scene while Stanley Steamer was servicing Ms. Hymes carpets and searched the residence. Shreveport Police Department then began to search the parked vehicle in front of the residence. There was never any warrant produced for the search of my person, the vehicle, or the residence of 1441 Claiborne Ave., Shreveport LA.
(3) There was never any finding of drugs, weapons or other form of illegality or criminal violation contained upon myself or within my vehicle. Because this vehicle was specifically received and used for legitimate purposes and was not evidence or the fruit of any illegal activity whatsoever and is exempt per LSA-R.S. 40:2604 and LSA-R.S. 40:2605 and furthermore because no basis exists to support the assertion that said vehicle was derived from the sale of any illegal drugs as suggested by the District Attorney’s office, I respectfully request that said 2007 Dodge Ram 1500 Quad ST/SLT, VIN 1D7HA18277J506057 to be returned to me in its entirety through my attorney, F. Edward Mouton, whose office address is listed above in the heading of this affidavit, and such address shall serve as the address where I shall receive mail.
On June 12, 2013, the state filed an exception of no right of action arguing that although Watson timely mailed the claim to the district attorney’s office, he did not comply with the statutory requirements of La. R.S. 40:2610.[1] Specifically, the state contended that Watson was not the registered owner of the vehicle, did not mail the claim via certified mail, return receipt requested, failed to give the nature and extent of his interest in the property and did not include the date, identity of the trans-feror and the circumstances of his acquisition in the property. The state’s exception also alleged that the title to the Dodge Ram truck was registered in the names of two other parties, who also had been given notice of this forfeiture action.
Hearing on the exception[2] occurred on December 11, 2013. In his testimony Watson referred to this vehicle as “my truck,” and indicated that he bought it from Courtesy Auto Sales with funds from his survivors’ retirement disability check and the trade-in of his 1999 truck. However, no documentary evidence or title regarding the ownership of the vehicle was submitted to the court. After considering the evidence, the court dismissed Watson’s claim and granted the state’s exception of no right of action.[3]
Watson appeals raising two assignments of error. He argues that the trial court erred in dismissing his claim for failure to *124 comply with La. R.S. 40:2610 and that the officers’ testimony alone failed to establish by a preponderance of the evidence that the subject truck had any connection 14with the drug trade or was purchased with the proceeds of illegal drug sales.

Discussion

By filing a peremptory exception of no right of action, a defendant challenges whether a plaintiff has such a real and actual interest in the action. La.C.C.P. art. 927(A)(6); Eagle Pipe & Supply, Inc. v. Amerada Hess Corp., 10-2267 (La.10/25/11), 79 So.3d 246. At the hearing on the exception of no right of action, the exception may be submitted on the pleadings, or evidence may be introduced either in support of or to controvert the objection raised when the grounds thereof do not appear from the petition. La.C.C.P. art. 931; Eagle Pipe & Supply, supra.
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Eagle Pipe & Supply, supra; Hood v. Cotter, 08-0215 (La.12/2/08), 5 So.3d 819. An appellate court reviewing a lower court’s ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. Eagle Pipe & Supply, supra; Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211.
The determination of whether a plaintiff has a right to bring an action raises a question of law. A question of law requires de novo review. Eagle Pipe & Supply, supra; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 06-0582 (La.11/29/06), 943 So.2d 1037.
| sThe Louisiana Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989, La. R.S. 40:2601 et seq., established a civil system of expressly delineated procedures which allow the state to seize and forfeit property that is related to, is a proceed from, facilitates, or is itself a violation of the Uniform Controlled Dangerous Substances Law. State v. 2003 Infiniti G35 VIN NO. JNKCV51E93M024167, 09-1193 (La.1/20/10), 27 So.3d 824.
La. R.S. 40:2608 sets forth the procedure to be followed by the district attorney to commence forfeiture proceedings, including providing notice of pending forfeiture to the owner and interest holder in the property. The district attorney may bring a forfeiture proceeding in rem or in personam or both. See La. R.S. 40:2612 and 2613. Hearings are then held by the trial court to determine whether the property is to be forfeited. State v. Birdwell, 47,126 (La.App. 2d Cir. 5/16/12), 92 So.3d 1107.
The owner or interest holder in the property must take affirmative steps in order to preserve his interest in the property by filing a claim under La. R.S. 40:2610 which reads as follows:
A. Only an owner of or interest holder[4] in property seized for forfeiture may file a claim, and shall do so in the man *125 ner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted subject to forfeiture.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to | (¡administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
(1) The caption of the proceedings'as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant will accept mail.
(3) The nature and extent of the claimant’s interest in the property.
(4) The date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property-
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(6) All essential facts supporting each assertion.
(7) The specific relief sought.
The mandatory plain-language requirement for the filing of a timely, valid claim are clear and, if not met, carry significant consequences. State v. 2003 Infiniti G35, supra. The failure to fulfill any of those requirements — whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary averments — precludes the owner or interest holder from further participation in the forfeiture proceeding. Id. The failure of a claimant to specify the date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property is fatal to the claim. State v. $144, 320.00, 12-0466 (La.12/4/12), 105 So.3d 694; State v. 2003 Infiniti G35, supra.
While Louisiana does not require that the certificate of title to a vehicle be transferred in order for a sale to be a valid one, the certificate of title constitutes pri-ma facie proof of ownership. Lambert v. Ray Brandt Dodge, Inc., 09-739 (La.App. 5th Cir. 1/26/10), 31 So.3d 1108, writ denied, 10-0430 (La.4/30/10), 34 So.3d 293.
|7In his affidavit, Watson failed to include any information showing the nature and extent of his interest in the property, the date, identity of the transferor, and the circumstances of his acquisition of the property in question. In this case, the state gave Watson notice of the forfeiture because of his use of the vehicle at the crime scene where he was arrested. However, the state also served notice upon others in whom the title of the vehicle was registered. Neither the state nor Watson presented any documentary proof of ownership. Accordingly, Watson’s failure to comply with the requirements of La. R.S. 40:2610 precludes his further participation in the forfeiture proceedings including any objection to the merits of the forfeiture action. The judgment of the trial court dismissing his claim on the exception of no right of action is affirmed. Costs of this appeal are assessed to Watson.
AFFIRMED.

. On September 9, 2013, the state filed a Motion and Order to Correct Typographical Error seeking correction of the erroneous VIN referenced in the original exception. The order changed the VIN and caption of the suit to delete 1GKEBZ53R171022 and replace it with 1D7HA18277J506057: For purposes of this appeal, we have corrected the case caption accordingly.

. Although the trial court stated that the proceedings were "a full-blown hearing,” "instead of an exception,” in oral reasons for judgment, the court specifically granted the state’s exception of no right of action. The written judgment contained in the record dismissed Watson's claim and did not order the vehicle forfeited to the state.

.The state offered the record of Watson's criminal proceedings into evidence. The evidence, admitted over Watson’s objection, is not in the record before us.

. "Interest holder” is defined as a secured party within the Louisiana commercial laws and "owner” means a person, other than an interest holder, who has an interest in property and, if required by law, is in compliance with any statute requiring recordation or reflection in public records in order to perfect the interest against a bona fide purchaser for value. La. R.S. 40:2601.