LOLLEY, J.
|,Barney Noel Holt, III, appeals a judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana. For the following reasons, we reverse the trial court’s judgment and remand for further proceedings.
Facts
On November 18, 2008, Barney Noel Holt, III, was arrested and charged with conspiracy to distribute a Schedule II Controlled Dangerous Substance, methamphetamine. At that time, in addition to drugs and drug paraphernalia, the Shreveport Police Department seized $2,290.00 from Holt.[1] The State later dismissed the charge against Holt on November 2, 2011, for reasons not included in the record. We take judicial notice of the fact that Holt was convicted and sentenced in another matter, which was affirmed on appeal. State v. Holt, 47,734 (La.App.2d Cir.04/10/13), 112 So.3d 1008, writ denied, 2013-1090 (La.01/17/14), 130 So.3d 339.[2]
On August 21, 2013, Holt filed a “Motion for Return/Release of Illegally Seized Property,” seeking the return of the mon *551 ey which was seized from him at the time of his arrest on November 18, 2008. Holt claimed that the money had nothing to do with the crime and was no longer needed as evidence because the charge was dismissed. Further, Holt maintained that his right to due process was violated.
| ¿The trial court denied Holt’s .motion without providing reasons — “Denied” was written on Holt’s submitted “show cause” order. This Court issued an order directing the trial court to provide a per curiam opinion explaining its reasons for denying Holt’s motion after he filed a writ application arguing the trial court erred in denying his motion. The trial court complied and timely provided this Court with a per curiam opinion. In that opinion, the trial court stated that although Holt was entitled to seek the release of his property, he failed to comply with the procedural requirements for asserting a claim for the return of seized property in accordance with La. R.S. 40:2610. In response, Holt filed a second writ application, claiming that the trial court erred in denying his motion without a hearing. The writ was granted for perfection as an appeal.
Discussion
The Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 (“Forfeiture Act”), La. R.S. 40:2601 et seq., allows the state to seize and have forfeited property that is related to, is a proceed from, facilitates, or is itself a violation of the Uniform Controlled Dangerous Substances Law, La. R.S. 40:961-995. State v. 2003 Infiniti G35 VIN No. JNKCV51E93MO24167, 2009-1193 (La.01/20/10), 27 So.3d 824.
Louisiana R.S. 40:2608 sets forth the procedure to be followed by the district attorney to commence forfeiture proceedings, including providing notice of pending forfeiture to the owner and interest holder in the property. The statute states, in pertinent part, as follows:
^Forfeiture proceedings shall be commenced as follows:
(l)(a) When the district attorney intends to forfeit property, pursuant to the provisions of this Chapter, he shall provide the owner and interest holder with a written assertion within forty-five days after actual or constructive seizure, except in cases in which the property is held for evidentiary purpose, the district attorney shall institute forfeiture proceedings within forty-five days after the final disposition of all criminal proceedings associated with the conduct giving rise to forfeiture. If the district attorney fails to initiate forfeiture proceedings against property seized for forfeiture by serving Notice of Pending Forfeiture within one hundred twenty days after its seizure for forfeiture or if the state fails to pursue forfeiture of the property upon which a timely claim has been properly served by filing a Petition for Forfeiture proceeding within ninety days after Notice of Pending Forfeiture, or if the district attorney fails to provide a written assertion, pursuant to the provisions of this Paragraph, the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to the provisions of this Chapter.
(b) When no written assertion has been given to the claimant, within the time delays provided herein, the claimant may file a Motion for Release of Seized Property pursuant to the criminal jurisdiction of the court.
The district attorney may bring a forfeiture proceeding in rem or in personam or both. See La. R.S. 40:2612 and 2613. Hearings are then held by the trial court *552 to determine whether the property is to be forfeited. State v. Watson, 49,331 (La.App.2d Cir.10/01/14), 151 So.3d 120.
Here, the trial court relied on La. R.S. 40:2610 in denying Holt’s motion, which regards claims by an owner to seized property. The statute states:
A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, Rreturn receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant •will accept mail.
(3) The nature and extent of the claimant’s interest in the property.
(4) The date, identity of the transfer- or, and the circumstances of the claimant’s acquisition of the interest in the property.
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(6) All essential facts supporting each assertion.
(7) The specific relief sought.
Modeled after the federal scheme, Louisiana has a distinct and detailed procedure for the seizure and forfeiture of assets seized in conjunction with a drug arrest. La. R.S. 40:2601 et seq. However, in this case, it does not appear that procedure was followed, and based on the record before us, the trial court’s reliance on La. R.S. 40:2610 as a basis for denying Holt’s motion appears to be misplaced and premature. Initially, we note that La. R.S 40:2610 indicates that it is applicable to claims made in response to the filing of a notice of pending forfeiture. Here, we have no evidence that a notice was ever made, calling into question that statute’s | .^applicability to Holt’s motion for the release. Further, our review of this record does not show that the State followed any of the procedures so required, a fact the State apparently admits in its appellate brief. There are many unknowns in this matter, starting with whether the State considered the property to be (or not to be) evidence in the charges against Holt. Such a determination makes a difference in the procedure to be followed for the forfeiture. La. R.S. 40:2606. All that is actually known comes from the police reports — money was seized during Holt’s arrest — and even those reports are not consistent regarding the precise amount seized.
What is most glaring in this record is what is not included: documentation tending to show that the State adhered to the statutory directives of La. R.S. 40:2601 et seq. Considering that there is no evidence that the State followed the mandated procedures, and “the district attorney fail[ed] to provide a written assertion, pursuant to the provisions” of La. R.S. 40:2608, it appears that Holt’s motion was procedurally correct as provided in La. R.S. 40:2608(l)(b). Thus, the trial court erred in summarily denying the motion. At the least, Holt is entitled to a hearing that may or may not show that the State followed the procedures required by the *553 statutes on forfeitures. If the State is able to show that it adhered to the proper procedure in this forfeiture, the burden will be on Holt to prove that he is entitled to the return of the seized property.
Conclusion
For the foregoing reasons, the trial court’s ruling denying the motion made by Barney Noel Holt, III, is reversed. This matter is remanded to the |6trial court in order that the State of Louisiana show cause why Holt’s motion for return/release of illegally seized property should not be granted.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. The exact amount of money seized from Holt is unclear. Holt’s original motion claimed that $2,600.00 was seized from him; his writ application claimed that $2,190.00 was seized from him; and, the trial court's ruling states that $2,290.00 was seized from him. The arrest report states, parenthetically, that $2,090 was seized. Various other police documents refer to the amount seized as being $2,290.00 — the amount noted on the ruling being appealed.

. Holt was convicted of possession of a Schedule II Controlled Dangerous Substance in violation of La. R.S. 40:967F(l)(a) stemming from an arrest on January 7, 2009.