Judgment rendered February 25, 2026.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,732-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Plaintiff-Appellee

versus

$12,039 U.S. CURRENCY SEIZED                Defendant-Appellant
FROM DELANCEY R. KENT

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2021-1504

Honorable B. Scott Leehy, Judge

* * * * *

DELANCEY R. KENT                            In Proper Person

ROBERT S. TEW                               Counsel for Appellee
District Attorney

G. SCOTT MOORE
Assistant District Attorney

* * * * *

Before STEPHENS, ROBINSON, and HUNTER, JJ.

**STEPHENS, J.**,

This civil appeal arises from the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, the Honorable B. Scott Leehy, Judge, presiding. The defendant, Delancey R. Kent, filed this *pro se* appeal following the trial court's judgment granting the State's motion for summary judgment for seizure for forfeiture pursuant to La. R.S. 40:2610. For the following reasons, we affirm the trial court's judgment.

### FACTS AND PROCEDURAL HISTORY

On May 20, 2021, the State of Louisiana filed an application for warrant of seizure for forfeiture, alleging that Kent had engaged in conduct giving rise to forfeiture. Agent Tim Klick of the Metro Narcotics Unit alleged in his supporting affidavit that Kent was taken into custody following his failure to stop after the Ouachita Parish Sheriff's Office had initiated a traffic stop. While in pursuit of Kent, officers observed him throw something out of the passenger window of the vehicle Kent was driving. Kent later admitted to the officers that he had discarded a small plastic bag of methamphetamine; a bag containing four grams of methamphetamine was later recovered from the vicinity. Following Kent's arrest, a check of his criminal history revealed that he had been arrested several times for distribution of narcotics.

Klick's affidavit further stated that, after they got Kent's verbal consent to search the vehicle, officers located $12,039.00 on the front seat of the vehicle, proceeds consistent with street level narcotics sales. Also, Kent stated throughout the investigation that he did not have a job and had no means by which he could earn money. Agent Klick further alleged in his affidavit that Kent gave several stories as to the source of the money. On

May 20, 2021, the trial court issued a warrant of seizure for forfeiture allowing the seizure of $12,039.00.

On July 22, 2021, the State filed its petition for forfeiture alleging that the $12,039.00 was obtained in exchange for a controlled substance in violation of La. R.S. 40:961 et seq. and/or was intended to be furnished in exchange for a controlled substance. Kent filed his answer on September 27, 2021, claiming that the $12,039.00 was from his employment doing odd jobs, from stimulus check monies, and out of his retirement fund.

Approximately three years later, on July 16, 2024, the State filed a motion to compel, complaining that there were inadequacies in Kent's responses to the State's discovery and that Kent had neither filed a supplement to his responses nor had provided any response to subsequent discovery.

At a hearing held on October 29, 2024, a stipulation was entered by the parties that in the event that Kent failed to produce additional relevant responses to the State's discovery on or before December 2, 2024, Kent would be barred from further introducing any testimony or evidence of any money he may have received beyond the following: 1) income derived from his retirement account as evidenced in the Fidelity document for the period of January 1, 2017, through December 31, 2018; 2) income referenced in his IRS transcripts for the years 2017, 2018, and 2019.

The parties reconvened on December 2, 2024, at which time it was admitted that no relevant documentation had been produced by Kent, and the interrogatories had failed to specifically identify the employment Kent had alleged or the sources of income Kent had alleged existed that resulted in him obtaining the $12,039.00. The trial court issued an **order** on December

2

2, 2024, setting forth that Kent had failed to produce additional relevant responses to the State's discovery, and that Kent was barred from further introducing any testimony or evidence of any money he may have received beyond what was referenced in the parties' stipulation.

On March 12, 2025, the State filed a motion for summary judgment, claiming that there are no genuine issues of material fact and that, as a matter of law, the State is entitled to summary judgment based on Kent's failure to comply with the provision of La. R.S. 40:2610 and the trial court's order precluding Kent from introducing testimony or evidence of money he may have received after December 31, 2019. Kent filed an opposition to the motion for summary judgment on April 11, 2025, claiming that there were genuine issues of material fact as to whether the currency seized was a drug asset. Kent claimed in an affidavit executed on April 11, 2025, that the money sought to be forfeited was his life's savings accumulated prior to the May 2021 seizure. He also alleged that he was employed in the years prior to the seizure in various odd jobs that paid cash, such as lawn mowing and car washing, which were not reflected in his IRS earnings. He urged that the money seized had no nexus or connection to any illegal activity.

The State objected to Kent's affidavit, arguing that it was barred by the trial court's December 2, 2024, order. At the summary judgment hearing held on June 10, 2025, the State reiterated that it was entitled to summary judgment and that Kent's affidavit was improper due to his failure to produce further evidence to show the source of the currency at issue. In the judgment signed on June 24, 2025, the trial court granted the State's motion for summary judgment and preempted Kent from further participation in the drug asset forfeiture proceedings. The court granted the State the right to

3

proceed with an application of order of forfeiture pursuant to La. R.S. 40:2615(A). Kent has appealed from this adverse judgment.

## DISCUSSION

In his *pro se* brief,[1] Kent argues that he has newly discovered evidence that was not available during the forfeiture proceedings.[2] He urges that the document included in his appeal, Exhibit 1, corroborates his claims that the $12,039.00 is an accumulation of funds earned through odd jobs, received as stimulus check payments, and withdrawn from retirement accounts or investments. Kent maintains that the State failed to meet its burden in showing that the value of the contraband was intended for commercial sale and that the seizure was constitutional. He states that the incident took place during the COVID-19 pandemic, resulting in him being laid off and having to perform freelance work. He contends that the Eighth Amendment of the United States Constitution protects him from this unreasonable, excessive seizure. He requests that this Court reopen the case, and he states that he is willing to reconcile with 75% of the currency being returned as adequate to the value of the contraband seized.

In reply, the State asserts that the trial court did not commit reversible error when it found that Kent failed to comply with the provisions in La. R.S. 40:2610(B)(4) and (5) and granted summary judgment in its favor,

---

[1] Although Kent's brief is not compliant with the URCA, this Court reads *pro se* filings indulgently and will attempt to discern the thrust of his position on appeal and the relief he seeks. *Pentecost v. Grassi*, 56,113 (La. App. 2 Cir. 2/26/25), 408 So. 3d 1022; *Linn v. Ouachita Parish Police Jury*, 55,480 (La. App. 2 Cir. 4/10/24), 383 So. 3d 1171; *Fobbs v. CompuCom Sys., Inc.*, 55,173 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1146; *Magee v. Williams*, 50,726 (La. App. 2 Cir. 6/22/16), 197 So. 3d 265.

[2] Kent's *pro se* brief was not timely filed. Furthermore, as pointed out by the State, he did not properly make assignments of error, but rather set forth arguments which the State characterized as irrelevant in an appeal of the trial court's grant of the State's motion for summary judgment.

4

ultimately dismissing Kent's proof of claim. The State urges that Kent's bare claim that the $12,039.00 seized was from odd jobs, stimulus check monies, and retirement funds did not satisfy the disclosure of information requirement which includes disclosure of the date(s) the money was acquired, identification of the transferor(s) of the money, and explanation of the circumstances in which the money was acquired.

Finally, the State contends that Kent's attachment of "newly discovered evidence" to his brief is not reviewable by this Court as it is not part of the trial court record. The State also argues that Kent has raised several issues before this Court that he failed to raise before the trial court. Specifically, the State claims that Kent asserts the following arguments for the first time on appeal: (1) the State did not meet its burden in showing that the value of the contraband was intended for commercial sale and prove that the seizure was constitutional; (2) the State failed to prove each element of its case beyond a reasonable doubt; (3) the seizure took place during COVID which forced Kent to take on freelance work as a result of being laid off from his job; and (4) Kent's rights are safeguarded by the Eighth Amendment. Because these issues were not argued before the trial court, the State urges this Court not to consider these issues on appeal.

Appellate courts review motions for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether the summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Dupree v. Bossier Par. Sch. Bd.*, 56,091 (La. App. 2 Cir. 2/26/25), 408 So. 3d 468, *writ denied*, 25-00368 (La. 6/3/25), 410 So. 3d 787; *Bank of Am., N.A. v. Green*, 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219. Summary judgment is favored by law and

5

provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La. C.C.P. art. 966(A)(2). We view the record and all reasonable inferences to be drawn from it in the light most favorable to the nonmoving party. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So. 2d 764; *Dupree*, *supra*. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

A genuine issue is one about which reasonable persons could disagree. *Hines*, *supra*; *Dupree*, *supra*; *Franklin v. Dick*, 51,479 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1130. In determining whether a fact is genuine for purposes of summary judgment, courts cannot consider or weigh the merits, make credibility determinations, or evaluate testimony. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So. 2d 37; *Sepulvado on Behalf of Sepulvado v. G-Rock Climbing, LLC*, 55,637 (La. App. 2 Cir. 5/22/24), 387 So. 3d 870, *writ denied*, 24-00800 (La. 10/15/24), 394 So. 3d 818. A material fact is one that potentially ensures or precludes recovery, affects the ultimate success of the litigant, or determines the outcome of the dispute. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for summary judgment purposes can be seen only in light of the substantive law applicable to the case. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So. 3d 876; *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So. 2d 131; *Sepulvado on Behalf of Sepulvado*, *supra*.

La. Const. art. I, § 4(D) provides authority for civil forfeiture proceedings related to certain drug-related criminal matters:

The following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above-described property has been rendered unavailable.

Through the Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989 ("Act"), the Louisiana Legislature established a civil system of expressly delineated procedures which allows the State to seize and have forfeited property that is related to, is a proceed from, facilitates, or is itself a violation of the Uniform Controlled Dangerous Substances Law. La. R.S. 40:2601, *et seq.*; *State v. 2003 Infiniti G35 VIN No. JNKCV51E93MO24167*, 09-1193 (La. 1/20/10), 27 So. 3d 824; *State v. $3,136 in US Currency*, 53,703 (La. App. 2 Cir. 3/3/21), 314 So. 3d 1090, *writ denied*, 21-00481 (La. 5/25/21).

La. R.S. 40:2608 sets forth the procedure to be followed by the district attorney to commence forfeiture proceedings, including providing notice of pending forfeiture to the owner and interest holder in the property. The district attorney may bring a forfeiture proceeding *in rem* or *in personam* or both. *See* La. R.S. 40:2612 and 2613; *State v. Watson*, 49,331 (La. App. 2 Cir. 10/1/14), 151 So. 3d 120, *writ denied*, 14-2528 (La. 11/6/15), 180 So. 3d 305. Hearings are then held by the trial court to determine whether the property is to be forfeited. *State v. Watson, supra*; *State v. Birdwell*, 47,126 (La. App. 2 Cir. 5/16/12), 92 So. 3d 1107.

In a civil forfeiture proceeding, the trial court's findings of fact are subject to the manifest error/clearly wrong standard of appellate review. *State v. $3,136 in US Currency, supra*; *State v. Birdwell, supra*. The State

7

has the initial burden of showing the existence of probable cause for forfeiture of property under the provisions of the Act. *State v. $3,136 in US Currency*, *supra*; *State v. $2,540.00 U.S. Currency Seized from Foster*, 47,127 (La. App. 2 Cir. 5/16/12), 92 So. 3d 1153. The evidence admissible for meeting the State's burden can be the same as that admissible in determining probable cause at a preliminary hearing or by a judge in issuing a search warrant. La. R.S. 40:2611(F); *State v. $2,540.00 U.S. Currency Seized from Foster*, *supra*. Probable cause for forfeiture is satisfied when the totality of the facts and circumstances provides reasonable ground for believing the property in question is connected to illegal drug trafficking. *State v. $144,320.00*, 12-0466 (La. 12/4/12), 105 So. 3d 694. The Act does not require proof of a specific drug transaction. *Id*.

It is unnecessary for the State to trace the property to a particular drug transaction – it is the totality of the circumstances that leads to a finding of probable cause. *State v. $3,136 in US Currency*, *supra*; *State v. $2,540.00 U.S. Currency*, *supra*. The fact that money or a negotiable instrument was found in proximity to contraband or an instrumentality of conduct giving rise to forfeiture shall give rise to the permissible inference that the money or negotiable instrument was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct. La. R.S. 40:2611(G). If the State meets this burden, the claimant must show by a preponderance of the evidence that his or her interest in the property is not subject to forfeiture. *State v. $3,136 in US Currency*, *supra*; *State v. $2,540.00 U.S. Currency*, *supra*.

8

The owner or interest holder in the property must take affirmative steps to preserve his interest in the property by filing a claim under La. R.S. 40:2610, which reads as follows:

A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted subject to forfeiture.

B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:

   1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
   2) The address where the claimant will accept mail.
   3) The nature and extent of the claimant's interest in the property.
   4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
   5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
   6) All essential facts supporting each assertion.
   7) The specific relief sought.

The mandatory plain-language requirements for the filing of a timely, valid claim are clear and, if not met, carry significant consequences. *State v. 2003 Infiniti G35*, *supra*; *State v. Watson*, *supra*. The failure to fulfill any of those requirements – whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary averments – ***precludes the owner or interest holder from further participation in the forfeiture proceeding***. *Id*. The failure of a claimant to specify the date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property is ***fatal*** to the claim. *Id*.

9

We first address Kent's argument that he acquired the $12,039.00 through odd jobs, stimulus check monies, and retirement funds. Although Kent is self-represented in this appeal, we note that he retained counsel throughout the trial court proceedings. After the State propounded discovery upon Kent, the trial court gave him ample opportunity to prove the source of the money. The record clearly indicates that Kent failed to specify the date, identity of the transferor, and the circumstances of his acquisition of any of the money recovered from his vehicle following his arrest. His responses to the State's initial discovery requests were vague, indicating that his sources of income were from "income tax, cleaning service, and auto detail shop." Kent failed to not only name the cleaning service and auto detail shop from which he allegedly received money, but he also failed to provide an address of these alleged businesses and indicate the time frame he received this money and amount of money he received. Nothing Kent provided to the trial court amounted to evidence of money acquired 17 months prior to the seizure of the $12,039.00. The simple allegations that Kent acquired this money through odd jobs, stimulus check monies, and retirement funds are inadequate to preserve his interest in the property, and it has proven fatal to his claim. La. R.S. 40:2610; *see also State v. $144,320.00*, *supra*; *State v. 2003 Infiniti G35*, *supra*; *State v. Watson*, *supra*. Consequently, we find no error in the trial court's judgment granting the State's motion for summary judgment.

Finally, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. *Thomas v. Bridges*, 13-1855 (La. 5/7/14), 144 So. 3d 1001; *Maxie v. Bates*, 54,256 (La. App. 2 Cir. 4/13/22), 338 So. 3d 564;

10

*Hatfield v. Herring*, 54,048 (La. App. 2 Cir. 8/11/21), 326 So. 3d 944, *writ denied*, 21-01377 (La. 12/7/21), 328 So. 3d 424; *Jacobs v. GEICO Indemnity Co.*, 52,372 (La. App. 2 Cir. 9/26/18), 256 So. 3d 449. We find merit to the State's argument that Kent cannot first raise the issues relating to the State's failure to meet its burden and the alleged violation of his Constitutional rights in the appellate court as they were not raised by Kent at any point during the trial court proceedings. Furthermore, the account transcript from the Internal Revenue Service, attached to Kent's brief as Exhibit-1, does not qualify as newly discovered evidence according to La. C. Cr. P. art. 854 and will not be considered on appeal.

## CONCLUSION

For the reasons set forth above, the trial court's judgment granting the State of Louisiana's motion for summary judgment, dismissing Delancey Kent's claim to the $12,039.00 seized, and preempting him from further participation in the drug asset forfeiture proceedings is affirmed. Costs of this appeal are assessed to the defendant, Delancey Kent.

**AFFIRMED**.